GAVIN J. MOFFATT, Appellant, *v.* ROBERT FULTON, Impleaded, etc., Respondent.

An omission of the averment in the complaint required by the provision of the Code of Civil Procedure (§ 549) authorizing the arrest of a defendant in an action for money received, that the money was received in a fiduciary capacity and forbidding a recovery unless the allegation is proved, may not be taken advantage of for the first time upon appeal; the question must be raised upon the trial.

An express averment that the money was received in a fiduciary capacity is not necessary; a statement of facts showing that it was so received is sufficient, and is the proper pleading (PARKER, J., dissenting).

Plaintiff's complaint alleged in substance that he intrusted his two promissory notes to the defendants, as his agents, to return one with certain explanations and to procure the other to be discounted and remit the net proceeds to him; that they procured both to be discounted, received the proceeds in trust to pay the same to plaintiff, but refused to pay them over on demand and converted them to their own use. The facts proved on the trial were substantially as alleged, with the exception that it appeared defendants were authorized to procure the discount of either of the notes and to return the other with the net proceeds of the one discounted. *Held* (PARKER and BRADLEY, JJ., dissenting), that the averments in the complaint and the proof were sufficient to authorize a judgment enforceable against the person of the defendant, upon whom alone the summons in the action was served.

*Moffat* v. *Fulton* (56 Hun, 337), reversed in part.

(Argued March 18, 1892; decided May 3, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made the first Monday of April, 1890, which modified and affirmed as modified, a judgment in favor of defendant, entered upon a verdict directed by the court.

This was an action to recover the proceeds of two promissory notes belonging to the plaintiff, claimed to have been received by the defendants in a fiduciary capacity and converted to their own use.

In the first count of the complaint it is alleged that on the 15th of November, 1886, the plaintiff, a manufacturer of New Haven, Conn., gave to the defendants, who were engaged in business in the city of New York, his promissory note for

$908.75, payable three months thereafter, in consideration of goods sold and delivered. On the 15th of February, 1887, shortly before said note became due, the plaintiff made another note dated that day, but in all other respects a duplicate of the first, and sent it by his agent, one McDowell, to the defendants, with the request that they should indorse it "and have it discounted for cash and remit the funds, less any reasonable charges for commission and discount, to plaintiff immediately, so that he might pay the said note of November fifteenth about to become due and to use the proceeds of said note for no other purpose whatsoever. The defendants thereupon informed the said McDowell that they could not have the said note discounted, but if the plaintiff would send them in its place his note for a less amount, paying a portion of the indebtedness represented by the said note of November 15, 1886, they would immediately have the same discounted and remit the proceeds for the purpose above described. Said defendants requested the said McDowell to leave with them said note dated February 15, 1887, and stated that they would enclose the same on that day to the plaintiff in a personal letter explaining the facts * * * and use said note for no other purpose. Trusting solely to the honesty and integrity of said defendants, said McDowell left said note with them for the purpose of having it returned immediately to the plaintiff and for no other purpose." The defendants never returned the note, but procured the same to be sold or discounted through a broker to an innocent holder, and on the 21st of February, 1887, received the proceeds of said note, less $21.19 deducted for commission and discount, "in trust to pay the same to the plaintiff forthwith." They used said proceeds in their own business and refused to pay any part thereof to the plaintiff, to his damage, " in the sum of $887.60, with interest thereon from the 21st day of February, 1887."

The plaintiff alleged in the second count of his complaint that on the 17th of February, 1887, he made his promissory note, bearing the date of February 8, 1887, for $750.60, payable to the defendants, three months after date. " That there-

upon the defendants requested the said plaintiff to deliver said
note to the defendants to take the place of the note of Febru-
ary 15, 1887, referred to " in the first count of the complaint,
" and for the purpose therein more fully set forth, agreeing to
indorse said note, have the same discounted or sold, and return
the proceeds thereof to the plaintiff forthwith, less the dis-
count and a reasonable commission." In accordance with
said request and relying on said agreement, the plaintiff
"thereupon  *  *  *  delivered said note to the defendants
*  *  *  in trust, to indorse and discount or sell the same
for cash, and forthwith to pay the proceeds thereof to the
plaintiff, less the discount and commission as aforesaid, and for
no other purpose whatever." The defendants indorsed the
note and procured a bank to discount it, and on the 4th of
March, 1887, the proceeds, less $8.57 charged for discount and
commission, were paid to them and they used the same for their
own purposes, refusing upon due demand to pay any part
thereof to the plaintiff, to his damage in the sum of $742.09.

The summons and complaint were served only on the
defendant Fulton, who appeared and answered, pleading, in
substance, a general denial and also a counter-claim, which
was successfully demurred to by the plaintiff on the ground
that it alleged " facts constituting a cause of action arising on
contract, while the cause of action arising out of the facts
alleged in the complaint is in tort and not on contract."

Upon the trial the allegations of the complaint were sub-
stantially proved, and the plaintiff introduced no evidence.
It appeared that the plaintiff paid all of said notes at maturity
and that when McDowell left the first note with the defend-
ants they said they would try to have it discounted, and if
they succeeded would send the proceeds to the plaintiff, but
otherwise they would return the note to him that night, with
a letter of explanation. When the plaintiff left the second
note with them they said that there was some doubt whether
they could get the other discounted, and hence they asked for
the smaller one.

At the close of the evidence the defendant moved to dismiss

the complaint " on the ground that the facts proved do not constitute either a tort, an actionable conversion, or the fiduciary relation in respect to either cause of action." The motion was denied, and he thereupon moved that a verdict be directed in his favor on the same grounds. That motion was also denied and a verdict was directed in favor of the plaintiff for $1,789.07, being the net proceeds of the two notes, with interest, upon the ground " that the money was received in a fiduciary capacity." The trial judge also held that the facts alleged were " sufficient to maintain a cause of action for a conversion." Judgment was entered accordingly, and at the end of the postea was this provision : " But this judgment can be enforced only against the joint property of the defendants herein and the separate property of the said defendant Robert Fulton, who was served as aforesaid, and against the person of the said defendant Robert Fulton." The defendant Fulton appealed from the entire judgment and the General Term modified it by striking out the words " and against the person of the said defendant, Robert Fulton," but affirmed it in all other respects. The plaintiff appealed to this court from that part of the judgment of affirmance which modified the judgment of the trial court.

*Henry W. Taft* for appellant. The averments of the complaint were sufficient under subdivision 2 of section 549 of the Code to sustain an action for money received in a fiduciary capacity, and the evident intent was to maintain that form of action. (Laws of 1886, chap. 672; *King* v. *Mackellar*, 109 N. Y. 215; *Knapp* v. *Simon*, 96 id. 284; *Lounsbury* v. *Purdy*, 18 id. 511; *McBride* v. *Langan*, 18 Civ. Pro. Rep. 201; *Duguid* v. *Edwards*, 50 Barb. 288; *Murray* v. *Burling*, 10 Johns. 175; *Holbrook* v. *Homer*, 6 How. Pr. 86; *Burhans* v. *Casey*, 4 Sandf. 707; *Frost* v. *McCarger*, 14 How. Pr. 131; *Ostell* v. *Brough*, 24 id. 274; *Wallace* v. *Castle*, 14 Hun, 106; *C. Co.* v. *C. Co.*, 24 How. Pr. 274; *Comstock* v. *Hier*, 73 N. Y. 275; *Clark* v. *Pinkney*, 50 Barb. 226; *Stoll* v. *King*, 8 How. Pr. 298; *Schudder* v. *Shields*, 17 id. 420; *Leon* v. *Bernheimer*, 10 Wkly. Dig. 288; *Malcolm*

v. *O'Reilly,* 14 id. 316; 14 J. & S. 222; *Bearns* v. *Gould,* 77 N. Y. 455; *Rector* v. *Clark,* 78 id. 21; *Thayer* v. *Marsh,* 75 id. 340; *A. B. H. M. Society* v. *Foote,* 52 Hun, 307; *Frets* v. *Frets,* 1 Cow. 335; *Allen* v. *Johnson,* 16 Johns. 205; *Bank of Lowville* v. *Edwards,* 11 How. Pr. 216; *Partridge* v. *Badger,* 25 Barb. 146; *Cady* v. *Allen,* 22 id. 388; *Nelson* v. *Eaton,* 15 How. Pr. 305; *Harway* v. *Mayor,* 1 Hun, 628; *Conaughty* v. *Nichols,* 42 N. Y. 83; *C. N. Bank* v. *N. P. Bank,* 32 Hun, 105, 110; *Veeder* v. *Cooley,* 2 id. 74; *Byxbie* v. *Wood,* 24 N. Y. 607; *Graves* v. *Waite,* 59 id. 156; *Freer* v. *Denton,* 61 id. 492; *Ross* v. *Terry,* 63 id. 614; *Neftel* v. *Lightstone,* 77 id. 96; *Sparman* v. *Keim,* 83 id. 245; *Falkland* v. *S. N. N. Bank,* 9 Wkly. Dig. 2; *Bosworth* v. *Higgins,* 26 N. Y. S. R. 474; *Tuers* v. *Tuers,* 100 N. Y. 196; *Decker* v. *Matthews,* 12 id. 313.) The facts proven upon the trial made out a cause of action as to both notes for money received in a fiduciary capacity. (*Frost* v. *McCarger,* 14 How. Pr. 131; *Beardsley* v. *Root,* 11 Johns. 464; *Ainslie* v. *Wilson,* 7 Cow. 662; *Allen* v. *Brown,* 44 N. Y. 233; *Witherby* v. *Mann,* 11 Johns. 518; *Bonney* v. *Seely,* 2 Wend. 481; *Gilchrist* v. *Cunningham,* 8 id. 641; *Rodman* v. *Hidden,* 10 id. 499; *Clark* v. *Fairchild,* 22 id. 582; *Briggs* v. *C. N. Bank,* 61 How. Pr. 250; 89 N. Y. 182; *Pratt* v. *Foote,* 9 id. 463; *F. N. Bank* v. *Leach,* 52 id. 350; *Comstock* v. *Hier,* 73 id. 276; *Coddington* v. *Bay,* 20 Johns. 637; *Decker* v. *Matthews,* 12 N. Y. 313; *People* v. *Dennison,* 84 id. 272; *Lehmair* v. *Griswold,* 8 J. & S. 100; *Nash* v. *White's Bank,* 13 Wkly. Dig. 141; *X. B. Bank* v. *Lee,* 7 Abb. Pr. 372; *Ashins* v. *Hearne,* 3 id. 184; *Pattison* v. *Richards,* 22 Barb. 143; *Gottler* v. *Babcock,* 7 Abb. Pr. 392; *Devlin* v. *Coleman,* 50 N. Y. 537; *Hynes* v. *Patterson,* 95 id. 4; *Piser* v. *Stearns,* 1 Hill, 89; *Astell* v. *Brough,* 24 How. Pr. 274; *Stoll* v. *King,* 8 id. 298; *Holbrook* v. *King,* 6 id. 86; *Rider* v. *Whitlock,* 12 id. 209; *Robbins* v. *Seithel,* 20 id. 366.)

*Arthur R. Robertson* for respondent. The allegations of the complaint are in *tort,* and must give character to the action.

Recovery should not be permitted upon any other theory.
(*Walter* v. *Bennett*, 16 N. Y. 250; *Ross* v. *Mather*, 51 id.
108; Code Civ. Pro. § 501; *Segelken* v. *Meyer*, 94 N. Y. 184;
*Hathaway* v. *Johnson*, 55 id. 97; *Morris* v. *Rexford*, 18 id.
552; *Greentree* v. *Rosenstock*, 61 id. 589.) The complaint
should have been dismissed at the close of the case, for the
reason that the facts disclosed wholly negatived all idea of
conversion of the note, and were entirely inconsistent with any
claim that the defendants received any of the alleged proceeds
in a fiduciary capacity. (94 N. Y. 484; *Greentree* v. *Rosen-
stock*, 61 id. 583, 590; *Wood* v. *Henry*, 40 id. 124; *Walter* v.
*Bennett*, 16 id. 250; *Stoll* v. *King*, 8 How. Pr. 298; *Bussing*
v. *Thompson*, 15 id. 97; *Donovan* v. *Cornell*, 9 Civ. Pro.
Rep. 224; *Wallace* v. *Castle*, 14 Hun, 106; *Duguid* v.
*Edwards*, 50 Barb. 300; *Liddell* v. *Paton*, 7 Hun, 196;
*Morange* v. *Waldron*, 6 id. 529; *McBurney* v. *Martin*, 6
Robt. 502.) The judgment of the trial court as entered was
unwarranted, for the reason, among others, that it provided
for an execution against the person. (*Madge* v. *Puig*, 71 N.
Y. 608; *Miller* v. *Schneider*, 2 id. 262; *Brown* v. *Treat*, 1
Hill, 225; *Suydam* v. *Smith*, 7 id. 182; *Decatur* v. *Good-
rich*, 26 Wkly. Dig. 255.) No execution could be allowed
against the person because there was no express, specific alle-
gation that the money referred to in either cause of action was
received in a fiduciary capacity.) *Hillis* v. *Belckert*, 53 Hun,
499.; *Bartlett* v. *Sutorius*, 25 N. Y. S. R. 629; *Harland* v.
*Howard*, 32 id. 872.) Whatever questions may arise on the
complaint, demurrer, judgment or other proceedings on plain-
tiff's part, are to be construed strictly against him, and this
notwithstanding the provisions of section 519 of the Code as
to liberal construction. (*Clarke* v. *Dillon*, 97 N. Y. 360;
*Hathaway* v. *Johnson*, 65 id. 93; *Morris* v. *Talcott*, 97 id.
100–107; *S., etc., N. Co.* v. *Sherwin*, 1 Civ. Pro. Rep. 46;
*Miller* v. *Schneider*, 2 N. Y. 262.)

VANN, J. The Code provides that a defendant may be
arrested in certain actions and, among others, in an action

brought to recover damages for "a personal injury; an injury to property, including the wrongful taking, detention or conversion of personal property; a breach of promise to marry; misconduct or neglect in office or in professional employment; fraud or deceit; or to recover a chattel, where it is alleged in the complaint that the chattel has been concealed " in a certain manner and with a certain intent; " or to recover for money received, or to recover property, or damages for the conversion or misapplication of property, when it is alleged in the complaint that the money was received, or the property was embezzled, or fraudulently misapplied by a  *  *  *  factor, agent, broker, or other person in a fiduciary capacity. Where such allegation is made, the plaintiff cannot recover unless he proves the same on the trial of the action." (Code Civ. Pro. § 549.)

The General Term based its judgment of reversal upon the ground that there was no express averment in the complaint that the money in question was received by the defendants in a fiduciary capacity, although one of the learned judges dissented from that conclusion. (*Moffatt* v. *Fulton*, 56 Hun, 337.) No such point, however, was taken at the Circuit. The sufficiency of the complaint was not questioned upon the trial, except by a motion to dismiss, made before any evidence was given upon the ground that the first count did "not contain facts sufficient to constitute a cause of action, and particularly, that it did not set forth facts constituting an action in tort;" that the second count did "not set forth facts constituting a cause of action either in tort or on contract;" and that the complaint united "an alleged cause of action proceeding upon the theory of tort, with one proceeding on the theory of contract." The motion at the close of the evidence was not based upon the facts alleged, but on "the facts proved." Even, therefore, if it was necessary to specifically allege that the money was received by the defendants, as agents, in a fiduciary capacity, advantage could not be taken of the omission for the first time upon appeal. (*Lounsbury* v. *Purdy*, 18 N. Y. 515; *Cowing* v. *Altman*, 79 id. 167; *Knapp* v.

*Simon*, 96 id. 284.) If the point had been raised, a formal amendment might have been allowed.

But, assuming that the question was properly raised, we do not think that it called for a reversal of the judgment rendered by the trial court, because it is sufficient to set forth the facts showing that the money was received in a fiduciary capacity, without copying the words of the statute, which would be pleading a mere conclusion of law. It was clearly the intention of the legislature by its last amendment of section 549, to require a plaintiff, intending to arrest the defendant, to predicate his action upon some ground of wrongdoing mentioned in the statute, as a substantive part of the cause of action, so that he could defend himself before a jury and recover costs if such defense was successful. (L. 1886, ch. 672 ; Code Civ. Pro. § 549.)

The statute does not direct the plaintiff to state in his complaint that he claims the right to arrest the defendant. Such a statement in order to be effective as a notice would have to appear in the summons rather than the complaint, as the former must, while the latter need not be, personally served. No change was made where the right to arrest depended on the nature of the action, as in the case of fraud, deceit, conversion and injuries to person or property. The right of arrest, however, as it had previously existed, in so far as it depended upon extrinsic facts, that is upon facts not appearing in the complaint, was changed, except as provided in section 550, which is a substitute for the old writ of *ne exeat*, not by abolishing the right of arrest, but by requiring the facts which theretofore had been stated in part outside of the complaint, to be stated in it, as a part of the cause of action. The practice was thus made uniform, so that the complaint must now set forth the facts upon which the right to arrest depends in all cases, with the single exception aforesaid, just as formerly it was required in a majority of cases. The amendment as we construe it, introduced no new rule of pleading into the Code. It did not authorize the pleader to allege a conclusion of law instead of the " plain and concise statement of the facts,"

required by section 481. It changed the nature of certain causes of action somewhat, by requiring facts to be alleged and proved in addition to those previously required to be alleged or proved, in order to recover. If, therefore, the complaint under consideration sets forth facts showing that the defendant, as agent, received the proceeds of the two notes, in a fiduciary capacity, and converted them to his own use, it is sufficient, without characterizing those facts or repeating the language of the statute. The facts, as alleged, were, in substance, that the plaintiff entrusted his two notes to the defendants, as his agents, to return one with certain explanations and to procure the other to be discounted and forthwith remit the net proceeds to him. Exceeding their authority as to one note, they procured both to be discounted, received the proceeds, refused to pay them over on demand and converted them to their own use. The facts as proved were substantially the same, except that the defendants were authorized to procure the discount of either note and to return the other, with the net proceeds of the one discounted. The notes belonged to the plaintiff, and when they were discounted the proceeds belonged to him. The defendants had no right to either, except as the agents of the plaintiff. Agency is a fiduciary relation. It exists by virtue of the *fiducia*, or faith reposed, as where one man, confiding in another, entrusts his property to him for a particular purpose, and in the belief that he will in good faith use it for no other purpose. Property thus received is received in a fiduciary capacity, and when the property is turned into money, that is also received in a fiduciary capacity. It does not belong to the agent, who can lawfully exercise no power or authority over it, except for the benefit of his principal, and only as authorized by him. If the agent uses it for his own purposes, or fails to pay it over upon a seasonable demand duly made, it is a conversion of that which does not belong to him. The capacity in which the defendants received the notes was fiduciary in character, because it depended upon trust and confidence reposed in them by the plaintiff, as his agents. (*Goodrich* v. *Dunbar*, 17 Barb. 644, 646; *Republic of*

*Mexico* v. *De Arangoiz*, 5 Duer, 640 ; *Wolfe* v. *Brouwer*, 5 Robt. 601.)

He trusted them to handle his property as he directed, and they agreed.    After they had received the money on the notes, they had no right to keep it, or even to pay it out on his account, but it was their duty to at once pay it over to him.    They received it in trust for him, and the refusal to pay it over was not a refusal to pay a debt, but to deliver that which belonged to him.    Under the circumstances this was not a mere " act of omission," but " an act of misfeasance."    The transaction was isolated and independent of any custom or course of dealing.

The complaint alleges that the proceeds of the first note " were received by him in trust to pay the same to the plaintiff forthwith," and that the second note was delivered to him " in trust to indorse and discount or sell the same for cash, and forthwith to pay the proceeds thereof to the plaintiff." When it is a necessary inference from the facts alleged that the money was received in a fiduciary capacity, the statute does not require that they should be labeled with that name.

Since there was no agreement as to the method of transmitting the proceeds, the expectation of the plaintiff that the defendants would deposit them in their bank account and remit by check, is not important.    They did not attempt to remit in any way.

While some parts of the judgment as rendered by the trial court may be subject to criticism, we have not alluded to them, because only the part that was stricken out on appeal is before us for review.

After examining the exceptions to which our attention has been called, we think that the judgment of the General Term, in so far as it modified the judgment of the Circuit, should be reversed, with costs.

PARKER, J. (dissenting).    An examination of the question presented leads me to adopt the view entertained by the majority of the court at General Term.    (*Moffat* v. *Fulton*, 31 N. Y. S. R. 154.)

The question has been before that court, and with the same result, on other occasions. (*Hillis* v. *Bleckert*, 53 Hun, 499; *Bartlett* v. *Sartorius*, 25 N.Y. S. R. 629; *Harland* v. *Howard*, 32 id. 872.)

The judgment of the trial court awarded to the plaintiff $1,789.07 and costs, and authorized its enforcement out of the joint property of the defendants, the separate property of the defendant Fulton, and against the person of Fulton.

The General Term modified the judgment by striking therefrom the words "and against the person of the said defendant Robert Fulton," on the ground that the complaint does not specifically allege that Fulton received the money in a fiduciary capacity.

The appellant insists that the requirements of the Code are met when the facts alleged warrant the conclusion that the money was received in a fiduciary capacity.

A portion of subdivision 2, section 549 of the Code of Civil Procedure forms the basis of the different views contended for.

The section, so far as pertinent to the present discussion, provides that "a defendant may be arrested in an action as provided in this title, where the action is brought for either of the following causes:

1. To recover a fine or penalty.

2. To recover damages for a personal injury; an injury to property, including the wrongful taking, detention or conversion of personal property; breach of a promise to marry; misconduct or neglect in office or in professional employment; fraud or deceit; or to recover a chattel where it is alleged in the complaint that the chattel or a part thereof has been concealed, removed or disposed of so that it cannot be found or taken by the sheriff and with intent that it should not be so found or taken, or to deprive the plaintiff of the benefit thereof; or to recover for money received or to recover property or damages for the conversion or misapplication of property where it is alleged in the complaint that the money was received or the property was embezzled or fraudulently misap-

plied by a public officer or by an attorney, solicitor or coun-
selor, or by an officer or agent of a corporation or banking
association in the course of his employment, or by a factor,
agent, broker or other person in a fiduciary capacity. Where
such allegation is made the plaintiff cannot recover unless he
proves the same on the trial of the action, and a judgment for
the defendant is not a bar to the new action to recover the
money or chattel."

It will be observed that it is plainly provided that in order to
bring a case within the scope of that section it must be alleged
in the complaint that the money was received in a fiduciary
capacity, and in determining whether it should receive a tech-
nical construction, requiring such an allegation in terms, in
addition to the plain and concise statement of facts provided
for by section 481 of the Code of Civil Procedure, or simply
a statement of the facts, we may inquire as to the probable
intent of the legislature.

Prior to the enactment of chapter 672 of the Laws of 1886,
section 549 provided for cases where the arrest depended
exclusively on the nature of the action, and section 550 to
those where the right to arrest depended in part, at least, on
facts extrinsic to the cause of action. Subdivision three of
the latter section provided for a case of money received in a
fiduciary capacity and misapplied. The cause of action was,
*ex contractu*, the right of arrest extrinsic, and if an allegation
of conversion was also made it was treated as surplusage and
not issuable. (*Segelken* v. *Meyer*, 94 N. Y. 473–484; *Dono-
van* v. *Cornell*, 8 N. Y. Civil Pro. R. 283; *Greentree* v. *Rosen-
stock*, 61 N. Y. 583–590.)

The order of arrest could only be granted on the pleadings
and affidavits, the right to it was not an issuable fact but con-
testable only on affidavits, and if not granted before judgment
rendered, an execution against the person could not issue.
(*Wood* v. *Henry*, 40 N. Y. 124.)

In 1886 section 550 of the Code was amended among other
respects by striking out the provision relating to actions for
money received in a fiduciary capacity and misapplied, and

section 549 was amended by its incorporation into subdivision 2, but with an important change in its phraseology in that it required that an allegation to that effect should be made in the complaint and proved on the trial — if made and not proved, plaintiff to fail of recovery.

The effect of this amendment was not to change the cause of action from contract to one of tort, but to change the remedy. As we have observed prior to such amendment the right to issue an execution against the person in actions of this character, was made to depend on an application by the plaintiff for an order of arrest based on appropriate affidavits before the entry of judgment. The defendant had a right to contest such application by means of opposing affidavits, and the judge determined from such papers and the pleadings whether a proper case was presented for an order of arrest. If granted, and not subsequently vacated, execution issued against the person in the event of plaintiff's recovery. The jury were thus prevented from considering whether the circumstances entitled a plaintiff to a remedy against the person as well as the property of the defendant. Their duty was fully performed when they had determined what sum, if any, was due to the plaintiff. The court having already decided if applied to, and on other papers in part, whether the plaintiff was entitled to the additional remedy which the issuing of an order of arrest gave.

It may tend to show the purpose of the legislature if in this connection we briefly examine chapter 672 of the Laws of 1886. The first and second sections amend sections 549 and 550 of the Code of Civil Procedure, in the respects already sufficiently alluded to for our present purpose. Section 3 amends section 551 of the Code, so as to conform the practice in granting and serving orders of arrest to sections 549 and 550, as by such act amended.

Section 4 amends section 558 of the Code, so as to provide, among other things, that when the order of arrest is applied for, after the filing or service of the complaint, the court may before granting the same, direct the service of an amended

complaint, so as to conform to the allegations required in subdivisions two and four of section 549. It may be remarked in this connection that only subdivisions 2 and 4 of section 549 provide for allegations in the complaint in addition to those requisite to establish a cause of action, and that a judgment may be recovered if they are omitted, but the remedy against the person does not in such case flow from it.

Section 5 amends or substitutes for section 3 of the Code, a section limiting the term of imprisonment in jail under an execution against the person; limiting the period which a person may be imprisoned within the jail liberties of any jail; prohibiting further imprisonment in the same action, and making it the duty of the sheriff to discharge a person imprisoned, at the expiration of the periods provided for, without any further application therefor.

Section 6 amends section 572 of the Code so as to provide for the discharge of the debtor from custody in certain cases of unwarrantable delays, the plain object of the section being to relieve the debtor from continued and extended imprisonment, whether by virtue of separate mandates in the same or different actions.

Section 7 provides that the act shall apply to all imprisoned debtors under any mandate against the person heretofore issued, and commands the sheriffs of the several counties to discharge within five days from the passage of the act all persons entitled to discharge by the provisions of section 3 of the Code of Civil Procedure as amended.

It is apparent, therefore, that the purpose of the legislature in amending the several sections of the Code of Civil Procedure in the manner provided by chapter 672 of the Laws of 1886 was in the direction of personal liberty.

Before the amendment, a person who misapplied moneys obtained in a fiduciary capacity was subject to arrest on an order granted before judgment and to be taken in execution against the person after.

The creditor still has the same remedy, but the procedure is changed. Formerly he only had to state in his pleadings a

plain and concise statement of the facts, and on trial need prove nothing more. Whether he was entitled to an order of arrest carrying with it a right to an execution against the person of his debtor depended on the affidavits presented to the judge and his view of their sufficiency.

But now as I interpret the section under consideration in the light of the apparent intent of the legislature, as manifested by the other provisions of the act creating the order, an order of arrest cannot be obtained, unless the complaint alleges, in addition to a plain statement of the facts, that the money misapplied was obtained in a fiduciary capacity.

The plaintiff makes the allegation at his peril, for if he fails to prove it to the satisfaction of the jury, judgment must go against him in a case, when but for such allegation the jury would be required to find an indebtedness to the plaintiff, on the part of the defendant.

The object of the amendment seems to have been to give a defendant charged with misappropriating moneys received in a fiduciary capacity. 1. Specific notice that the plaintiff seeks a remedy against his person. 2. The benefit of an ordinary trial by jury, with the privilege of adducing oral testimony, and of cross-examination of adverse witnesses upon the facts, involving the right of arrest. 3. Such advantage as may accrue because of the plaintiff's knowledge that if he fail to satisfy the jury, that the facts entitle him to a remedy against the person of the defendant, judgment for costs will be rendered against the plaintiff.

It is not contended by those differing with the construction heretofore given by the courts to section 549, that it was not framed with a view to insure to a defendant apprisal by the complaint that a remedy against his person is sought. But it is urged that he may be said to be so apprised if the allegations of the complaint warrant the conclusion which the Code says must be alleged. Some of the reasons have already been given which have led me to the conclusion that the legislature intended to, and did provide for an allegation so specific as to give the defendant ample notice that he must be prepared to contest

with the plaintiff, the facts involving the right of arrest as well as the alleged indebtedness, and it may not be amiss to call attention to the argument, which the situation of this case presents, in support of the wisdom of the legislature in providing for an allegation which insures to the defendant actual notice that a remedy beyond a judgment for money is sought.

It is now about to be held, in effect, if not in terms, that the causes of action averred in the complaint are not in tort, but *ex contractu*, because for money had and received in a fiduciary capacity (*Segelken* v. *Mayer*, 94 N. Y. 474–484), and that the complaint being susceptible of such a construction, the defendant must be deemed to have been notified by it that a remedy against his person was sought. Yet, in this very case, the defendant pleaded a counter-claim to which the plaintiff interposed a demurrer in which he assigned, among other grounds of demurrer, "that it appears on the face of said counter-claim that it is not of the character specified in section 501 of the Code of Civil Procedure, in that it alleges facts constituting a cause of action arising on contract, while the cause of action arising out of the facts alleged in the complaint is in tort and not on contract."

After argument, the demurrer was sustained and judgment thereon rendered in favor of the plaintiff.

Now, can it be that, a complaint which the plaintiff by his demurrer asserted was in tort, an assertion which the court after argument made sustained by its judgment, may be said to have apprised the defendant that on the trial he should be prepared to meet the charge that a recovery was claimed for money received in a fiduciary capacity? It seems to me not, and that it was to provide against just such cases that induced the legislature in part at least to require that in addition to the statement of facts, there should be a specific allegation which should with certainty inform a defendant of the extent of the remedy sought against him.

Other instances might be cited tending to show that the evident purpose of the legislature will not be effectuated, if the section of the Code under consideration be so construed as

to render it unnecessary to aver in the complaint the allega-. tion declared to be essential in case a remedy against the person is sought.

But it will serve no useful purpose to multiply them. The legislature clearly intended to take a further step in the direction of personal liberty; and to that end deemed it essential that a defendant should have explicit notice that other than a money judgment is claimed; that he should have the right to contest the charge of breach of trust before a jury, and to prevent the charge from being lightly made and on insufficient grounds, it imposed as a penalty for failure to substantiate the allegations required to be pleaded that the plaintiff should fail of recovery.

The judgment should be affirmed.

Bradley J. (dissenting). I think to justify execution against the person of a defendant it is sufficient that the inference from the allegations of the complaint is necessarily in support of a cause of action authorizing it. It is otherwise if there is opportunity for other or contrary contention. In my view such a cause of action is not necessarily the effect of the allegations of the second count. And the fact that those of the first count would alone be sufficient for it, does not warrant such final process. (*Mills* v. *Scherder*, 2 N. Y. 262.)

The judgment, therefore, should be affirmed.

All concur with Vann, J., except Bradley and Parker, JJ., dissenting.

Judgment as modified reversed.