JOHN H. FARRELLY, Respondent, *v.* GEORGE J. HUBBARD, Appellant.

*" Conversion " defined — the identical bills or coin received need not be returned — arrest under subdivision* 3 *of section* 2895 *of the Code of Civil Procedure — execution against the person.*

Conversion has reference to specific articles of property which are owned by a person other than the one who is charged with converting them. It does not apply to money, the receipt of which creates only a debt to another.

An action for conversion cannot be maintained against a person who receives money in a fiduciary capacity.

Money in bills or coin has no ear-marks, and when it is received by the consent of another the legal obligation thus created is discharged by paying the debt. It is never necessary to repay the identical bills or coin received.

Where one person, with another's consent, receives the wages of the latter, it is the duty of the former to pay the amount thereof to the latter, but he is under no duty to turn over to him the same checks or bills that he received from the latter's employer. For his failure to pay such debt he can be arrested under subdivision 3 of section 2895 of the Code of Civil Procedure; but, unless an order of arrest is issued, an execution against his person cannot be issued upon a judgment recovered for the debt.

APPEAL by the defendant, George J. Hubbard, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Orange on the 22d day of October, 1894, upon the decision of the court, rendered after a trial at the Orange Special Term, sustaining the plaintiff's demurrer to the defendant's answer.

*Lewis E. Carr*, for the appellant.

*Frank Lybolt* and *John W. Lyon*, for the respondent.

DYKMAN, J.:

The interlocutory judgment should be affirmed upon the opinion of the court at Special Term, with costs.

PRATT, J., concurred; BROWN, P. J., not sitting.

Judgment affirmed on opinion of the Special Term.

The opinion of the Special Term was as follows:
BROWN, J.:

Section 3026 of the Code of Civil Procedure regulates the issuing of executions upon judgments rendered in Justices' Courts. Executions against the person can be issued in actions specified in subdivisions 1 and 2 of section 2895, or when an order of arrest has been issued under subdivision 3 of that section.

No order of arrest was issued in the action against Farrelly.

In my opinion the action against him fell within subdivision 3. His receipt of the money from the railroad company was as Hubbard's agent. He received it in a fiduciary capacity. The action against him could not be said to have been for conversion of personal property.

That expression has reference to specific articles of property owned by a person other than the one who is charged with converting them. It does not apply to money, the receipt of which creates only a debt to another.

Money in bills or coin has no ear-marks, and when it is received by the consent of another, the legal obligation thus created is discharged by paying the debt. It is never necessary to repay the identical bills or coin received.

Farrelly had Hubbard's consent to receive his wages, and his duty was to pay the amount to Hubbard, but he was under no duty to turn over to him the same checks or bills that he received from the railroad company.

For his failure to pay the debt he could have been arrested under subdivision 3 of section 2895 of the Code of Civil Procedure, but, unless an order of arrest was issued, an execution against his person could not be issued upon a judgment recovered for the debt. The Code authorizes a demurrer to an answer where the defense pleaded is insufficient in law, and, as the answer in this case sets out all the facts, the question of the justification is one of law solely, and is properly before the court.

*Segelken* v. *Meyer* (94 N. Y. 473) and other cases cited by the plaintiff are not directly in point upon the question discussed, as sections 549 and 550 of the Code were amended in 1886, and the rule applied in the cases cited is now somewhat changed from what it was when *Segelken* v. *Meyer* was decided. (See *Moffatt* v. *Fulton*, 132 N. Y. 507.) But for reasons stated I think the demurrer must be sustained. Plaintiff is allowed costs.