(19 Misc. Rep. 356.)
## COHEN v. ROTHSCHILD.

(City Court of New York, General Term. February 3, 1897.)

1. ARREST—CIVIL ACTION—REQUISITES OF COMPLAINT.

Under Code Civ. Proc. § 549, providing that defendant may be arrested, in an action for money received, if the complaint alleges it was received in a fiduciary capacity, the complaint need not expressly allege that the money was received in such capacity, but an averment of facts showing that it was so received is sufficient.

2. SAME—COMPLAINT ON INFORMATION AND BELIEF.

A complaint, in an action for money received in a fiduciary capacity, is not sufficient to authorize an order of arrest (Code Civ. Proc. § 549) where the facts are stated on information and belief, but the source of plaintiff's information and belief is not shown.

Appeal from trial term.

Action by Louis Cohen against David Rothschild for money received. From an order denying a motion for an order of arrest, plaintiff appeals. Affirmed.

Argued before FITZSIMONS and McCARTHY, JJ.

James T. McMahon, for appellant.

Leo Litthauer, for respondent.

McCARTHY, J. It is not necessary, in a complaint required by the provisions of Code Civ. Proc. § 549, authorizing the arrest of the defendant in an action for money received, that the complaint should expressly aver that the money was received in a fiduciary capacity. A statement of facts showing that it was so received is sufficient, and is proper pleading. Moffatt v. Fulton, 132 N. Y. 507, 514–516, 30 N. E. 992, reversing the general term and affirming the trial term. In this case it is a necessary inference, from the facts alleged, that the money was received in a fiduciary capacity, and the statute does not require that they should be labeled with that name.

But the serious objection to the appellant's papers is that, in the complaint which, by his affidavit, he makes part of this application, he alleges:

"Fourth. Upon information and belief plaintiff avers that heretofore, and between the 1st day of January, 1896, and the 1st day of June, 1896, the said Jahl collected the amounts of moneys set out in Schedule A, hereto annexed, from which said amount the above-named defendant retained the interests of said Jahl herein, being the interests so assigned to the plaintiff herein, with the understanding and upon condition that said Rothschild retain from said commission, aggregating the sum of three hundred and forty-seven ($347.00) dollars, the sum of eighty-six and $^{75}/_{100}$ ($86.75) dollars, being one-fourth part thereof, on account of said Jahl's indebtedness to the defendant, and that he deliver the balance thereof, viz. the sum of two hundred and sixty $^{25}/_{100}$ ($260.25) dollars, to the plaintiff herein."

There is not sufficient evidence in these papers that the claims were collected by Jahl, or, if collected, were ever paid over to the defendant. The mere statement that Jahl did so, without showing appellant's opportunities for knowledge of such facts, will not

suffice.   Had appellant alleged that he saw these claims collected
by Jahl and paid over to the defendant, or that the defendant ad-
mitted that they were collected by Jahl and paid over to him, all
would have been well.   But no; although alleging on information
and belief, appellant fails to state the source or ground of such
information and belief, and therefore, under the numerous deci-
sions in this and the supreme court, is insufficient, and positively
defective and fatal.

Again, the affidavit of the appellant shows that the facts alleged
are not within his personal knowledge, more particularly at folios
14 and 15.   It is hearsay, and could only be had from information
received from Jahl or some one else.   Had the appellant stated
who his informant was, or showed some conversation between the
defendant and himself in which these things were admitted, all
would have been satisfactory.   Hoormann v. Cycle Co., 9 App.
Div. 579, 41 N. Y. Supp. 710.

Order must be affirmed.

FITZSIMONS, J., concurs.