(22 Misc. Rep. 315.)

### WANDELT v. BURNETT.

(Supreme Court, Appellate Term. January 17, 1898.)

1. ACTION FOR CONVERSION—COMPLAINT.
　　In an action for conversion, the complaint alleged that plaintiff gave to defendant a note, and, after protest thereof, delivered to him a check for the full amount and protest fees, which defendant promised and agreed to use for the purpose of taking up and returning the note to the plaintiff, and that defendant indorsed and cashed the check, but did not take up the note, which he had previously transferred, and that plaintiff was thereafter compelled to pay the same. It further alleged that the defendant "fraudulently misapplied and converted such proceeds [of the check] to his own use," and did "falsely and fraudulently represent to the plaintiff that he had, with the proceeds of such check, taken up said note, and that the same was paid." *Held*, that this constituted a positive allegation of the conversion of the money, as distinguished from the check itself.

2. ARREST—SUFFICIENCY.

The affidavit for arrest did not specifically allege that the defendant cashed the check himself, or caused it to be cashed; but it was alleged that the check was made to defendant's individual order, and was delivered to him upon the trust above set forth. *Held*, that plaintiff was not bound to negative an unsworn statement subsequently made by defendant that he had been acting for an undisclosed principal, to whom he had transmitted both note and check, but that the facts alleged created the presumption that he had used the proceeds for his own use.

Appeal from city court of New York, general term.

Action by Samuel Wandelt against Dillon B. Burnett. From affirmance by the general term of an order denying defendant's motion to vacate an order of arrest (47 N. Y. Supp. 1150), he appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Frederick W. Mattocks and John Jay McKelvey, for appellant.
William C. Reddy, for respondent.

DALY, P. J. The defendant sold a quantity of lumber to the plaintiff, receiving his note therefor, to the order of "D. B. Burnett, Agt.," the name under which defendant did business. The plaintiff did not have funds sufficient in bank to meet the note when it fell due, and afterwards delivered to the defendant, at his request, a check for the full amount and protest fees, which defendant promised and agreed to use for the purpose of taking up and returning the note to the plaintiff. The defendant indorsed the check, which was payable to his order, and it was paid at plaintiff's bank. But the note was not taken up and returned to the plaintiff, who was subsequently sued thereon by the holder, the First National Bank of New Haven, and he was compelled to pay it. This action was brought against the defendant to recover the loss sustained by the conversion of the proceeds of the check. Upon the facts, the plaintiff obtained an order of arrest against the defendant for a "fraudulent conversion of money received in a fiduciary capacity"; and a motion by defendant to vacate the arrest upon the papers upon which it was granted was denied by the special term of the city court, in an order which the general term of that court has affirmed. This appeal is from such affirmance.

The ground of arrest, as set forth in the order of arrest above quoted, is fully sustained by the facts alleged in the complaint, and in the affidavit for arrest. The complaint is criticised for its alleged statement of two inconsistent grounds of action, in averring that the defendant agreed to use the "check or its proceeds" to take up the note, and "fraudulently converted the check and its proceeds," on the ground that the authorities distinguish between a check and money (Genin v. Schwenk, 62 Hun, 578, 17 N. Y. Supp. 34), and a charge of converting money cannot be sustained by proof of converting a check. It is, however, distinctly alleged in the complaint that the defendant "fraudulently misapplied and converted such proceeds to his own use," and did "falsely and fraudulently represent to the plaintiff that he had, with the proceeds of such check, taken up said notes, and that the same was paid." This is a positive allegation of the conversion of the money.

It is claimed that the affidavit for arrest does not support the complaint. The affidavit states that the defendant promised to take up the note with the check; that, when suit was commenced on the note, plaintiff saw the defendant, and asked him how this happened, if he had not taken up the note, and why he had not used the check for the purpose for which plaintiff had given it; that defendant professed surprise and anger, and said that the lumber for which the note was given had come from one Goodrich, and that the note and check to take it up had been given to Goodrich, and that it was very wrong for Goodrich to do as he had done, and that he (defendant) would help plaintiff out if he would pay part cash, and give new notes for the balance of the old note and costs, which notes he would see were taken care of. The affidavit states that nothing was said to plaintiff about Goodrich or any other person as defendant's principal when the lumber was bought, when the original note was given, or when the check was given to take up the note; and plaintiff charges that the defendant converted the check and its proceeds to his own use. It is not shown in the affidavit that the defendant cashed the check himself, or caused it to be cashed; and the general allegation of the fraudulent conversion of the check and its proceeds is only a conclusion. But, nevertheless, the facts stated in the affidavit sustain the cause of action for conversion of the proceeds of the check. While the original note was made payable to the order of "D. B. Burnett, Agt.," the check which plaintiff gave to the defendant to take up the note was made to the order of "D. B. Burnett,"—that is to say, to the defendant personally and individually,—and was, in addition, delivered to him upon a personal trust which attached to the proceeds obtained by his indorsement, and which, it may be fairly inferred, were received by him. Plaintiff was not bound to negative the unsworn statement of defendant that he was acting for a principal to whom he had transmitted both note and check. The check being made to him individually, upon his agreement to use it as instructed, his failure to so use it, by taking up plaintiff's note, and returning it to him, and the cashing of the check upon his indorsement, create the presumption that he used the proceeds for his own purpose; and this was conversion of the money. Moffatt v. Fulton, 132 N. Y. 507, 30 N. E. 992.

Order affirmed, with costs. All concur.