(29 Misc. Rep. 658.)

WAH KEE v. YOUNG.

(Supreme Court, Special Term, Erie County. November 23, 1899.)

MASTER AND SERVANT—ACTION FOR WAGES—STATUTE—REMEDY.

Buffalo city charter, as amended by Laws 1898, c. 101, provides that, in an action by an unskilled laborer for wages, if he has a family dependent on him for support, on judgment for any sum not exceeding $25 the clerk must, on application, issue execution against the body of defendant, if it appears from the complaint or by affirmative proof that demand was made, that the family live in the state, and that the labor was performed in the city of Buffalo. Plaintiff sued under this statute, but failed to plead such facts, and on trial disclaimed right to recover under the statute, but asked judgment for work and labor at common law. *Held*, that since the

statute referred to the remedy, and did not create a new cause of action, plaintiff was entitled to recover a judgment enforceable as an ordinary judgment at law.

Appeal from municipal court of Buffalo.

Action by Wah Kee against Charley Young. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Hammond & Hammond, for appellant.

Chas. S. Hatch (Edward T. Durand, of counsel), for respondent.

TITUS, J. This is an appeal from the municipal court of Buffalo. The plaintiff commenced his action against the defendant for labor and services performed for the defendant in washing and ironing in the defendant's laundry, and demands judgment for the sum of $5.80. On the argument before me, I was requested, in deciding this case, to make a written memorandum of the grounds of my decision, for the reason that, in actions brought in the municipal court to recover for wages, under the statute, for unskilled labor or domestic service, that court has been accustomed to holding that, if the plaintiff does not show himself entitled to its benefits, he must be nonsuited, and judgment in favor of the defendant granted.

By the city charter, as amended by chapter 101 of the Laws of 1898, relating to the municipal court, it is provided:

"In an action brought in this court by domestic servant to recover for services performed by her, or by a common or unskilled laborer having a family dependent upon him for support, for wages due him, if the plaintiff recovers a judgment for a sum not exceeding twenty-five dollars, exclusive of costs, * * * the clerk must, upon the application of the plaintiff and the order of the judge of said court, issue an execution against the person of the defendant. * * * In an action to recover a sum of money for wages earned by a domestic servant, or a common or unskilled laborer, as aforesaid, * * * it must appear upon the face of the complaint, or affirmative proof must be made, that the plaintiff has made a personal, just and reasonable demand for the amount claimed from the defendant, prior to the commencement of the action, and in a case for common or unskilled labor that such family dependent upon the plaintiff for support resides within the state of New York, and that such labor was performed within the city of Buffalo."

In a judgment obtained under this statute, none of the defendant's property is exempt from execution, and the defendant is liable to arrest and imprisonment for failure to pay such a judgment. The complaint in this case is an ordinary complaint, in an action at law to recover for labor and services, but the pleader evidently intended to bring the plaintiff within the provisions of the statute; for he alleged that the plaintiff has a family dependent upon him for support. There is no allegation that a demand has been made upon the defendant, or that the services were performed within the city of Buffalo, or that the family of the plaintiff resided within said city; so, upon the face of the complaint, the plaintiff was not entitled to a judgment which would authorize the issuing of a body execution.

On the trial before the municipal court, the plaintiff disclaimed to recover a judgment under the statute, but claimed he was entitled to a judgment for work, labor, and services at common law, having

shown a performance of the services for the defendant and his agreement to pay for the same. The court refused to grant the plaintiff's request for a judgment, on the ground that when an action was once commenced, or attempted to be commenced, under this statute, no judgment could be granted him unless the plaintiff in all things brought himself within its provisions. The court below is mistaken about the law. The statute does not give a party a new cause of action; that existed before. It does, however, give a new remedy in enforcing a judgment by execution. It affects the remedy, and not the right or cause of action. The plaintiff may bring his action under the statute, and, if he fails to show what the statute requires, he may, nevertheless, have a judgment for the amount of his claim; but it can only be enforced as an ordinary judgment at law. The cases cited by the counsel for the defendant, which hold that an action for tort cannot be converted into an action on contract, have no application, because tort is the gravamen of the action. Here no new cause of action is given. A remedy is simply provided for the enforcement of a judgment by body execution, when certain statutory facts are made to appear by the evidence. See Moffatt v. Fulton, 132 N. Y. 507, 30 N. E. 992.

I think, therefore, the judgment must be reversed, with costs.