(40 Misc. Rep. 678.)

## HOLMES v. LEIGHTON.

(Supreme Court, Appellate Term. May, 1903.)

1. EXECUTION AGAINST THE PERSON—NATURE OF ACTION.

In an action for the conversion of $400, the proceeds arising from the sale of a horse placed by plaintiff's assignor in defendant's hands to be sold, the answer admitted that plaintiff's assignor placed the horse with defendant to be sold "on her account" for $400, less 10 per cent. commissions; that defendant sold the horse for $400, and tendered plaintiff $360 in full "of the amount received by the defendant," etc. Judgment went for plaintiff on the pleadings for $360. Held, that the allegations of the answer did not change the action into one for money had and received, so as to preclude an execution against the person.

Appeal from City Court of New York, Special Term.

Action by Artemas H. Holmes against Emile Leighton. From an order denying defendant's motion to vacate and set aside an execution against the person, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and TRUAX and GILDER-SLEEVE, JJ.

Wales F. Severance, for appellant.

Louis C. Lewis, for respondent.

FREEDMAN, P. J. This action was brought to recover from the defendant the sum of $400; being, as alleged in the complaint, the proceeds arising from the sale of a horse which had been placed by plaintiff's assignor in the hands of the defendant to be sold. The defendant answered the complaint, and, after denying all the allegations of the complaint, set up as a separate defense the following:

"Defendant alleges that on or about the 5th day of July, 1902, one Lillian S. Holmes delivered to defendant a bay gelding for the purpose of having defendant sell said horse on her account for the sum of $400, less a commission of 10 per cent. for the services of defendant as the sales agent of said horse; that thereafter, and on or about July 7, 1902, said defendant sold said horse for the sum of $400, and thereafter tendered the plaintiff the sum of $360 in full for the amount received by defendant from the sale of the said horse, less his commission of $40, or 10 per cent. of the purchase price of said horse, which purchase price was the sum of $400; that said tender was refused; that said defendant is ready and willing to pay said plaintiff the sum of $360, the proceeds of the sale of said horse."

From the contents of certain letters that passed between the parties, and which letters were read in a motion for judgment herein, it seems that said tender consisted of defendant sending plaintiff a postdated check, which was refused and returned to defendant. After the answer was served, the plaintiff, claiming that, under section 511 of the Code of Civil Procedure, he was entitled to a judgment, made a motion at a Special Term of the City Court for judgment, and an order was made allowing plaintiff judgment for the sum of $360 and costs; said order reciting that the plaintiff "elected that the action be not continued for the remainder of his claim." A judgment was entered thereon, and, after issue and return of an execution against the property, a body execution was issued, and from the order denying defendant's motion to set aside the last-named execution this appeal comes up.

Plaintiff's complaint charged conversion, but the defendant urges that the plaintiff, having entered judgment upon the pleadings, must be deemed to have waived the allegations of the complaint, and relied upon those of the answer, and that those allegations constitute a cause of action for money had and received, and nothing more. We think in this the defendant is in error. The answer admits that plaintiff's assignor placed with the defendant a horse to be sold by him on "her account," that he sold said horse for $400, and that he tendered the plaintiff $360 in full "of the amount received by the defendant" from the sale of the horse. This sum was, however, never paid. In fact, said sum was never tendered, merely a postdated check being offered plaintiff. Under the more recent de-

cisions, it has been held that "the relation between a commission agent for the sale of goods and his principal is fiduciary." Baker v. New York Nat. Exch. Bank, 100 N. Y. 31, 2 N. E. 452, 53 Am. Rep. 150. "Property thus received is received in a fiduciary capacity, and, when the property is turned into money, that is also received in a fiduciary capacity. It does not belong to the agent, who can lawfully exercise no power or authority over it, except for the benefit of his principal, and only as authorized by him. If he uses it for his own purposes, * * * it is a conversion of that which does not belong to him." Moffatt v. Fulton, 132 N. Y. 507, 515, 30 N. E. 992; Britton v. Ferrin, 171 N. Y. 235, 242, 63 N. E. 954.

The admissions of the defendant's answer clearly place him within the purview of the foregoing decisions, and rendered him liable upon the facts as alleged by him in his answer to a judgment, under which, in default of property, his person was liable upon execution. Order affirmed, with costs.

Order affirmed, with costs. All concur.