All concurred, except SMITH and HOUGHTON, JJ., dissenting.

Judgment affirmed, with costs, and the order affirmed, with ten dollars costs and disbursements.

---

JOHN H. STARIN, Respondent, *v.* NATHAN C. FONDA, Appellant.

*Complaint for money received of the plaintiff by the defendant "as his agent" — when it alleges a cause of action on contract.*

The complaint in an action alleged that the defendant received of the plaintiff "as his agent" divers sums of money amounting to the sum of $9,232.96 for the "use of the plaintiff;" that the plaintiff demanded payment thereof from the defendant and that the latter had not paid any part thereof and "that there is now due, owing and unpaid" from the defendant to the plaintiff, by reason thereof, said sum of $9,232.96, for which amount the plaintiff demanded judgment.

The complaint contained no allegation that the plaintiff had been damaged by reason of the facts stated, or that the moneys had been converted by the defendant to his own use or misapplied, or that they were wrongfully or unlawfully withheld from the plaintiff.    The plaintiff disclaimed any intention to sue in tort.

*Held*, that the complaint was clearly one for money had and received, and that it operated as a waiver by the plaintiff of his right to sue the defendant for any tort that might have been incident to the latter's receipt of the moneys in his capacity as agent.

SMITH, J., dissented.

APPEAL by the defendant, Nathan C. Fonda, from an order of the Supreme Court, made at the Fulton Special Term and entered

in the office of the clerk of the county of Montgomery on the 11th day of May, 1905, referring the issues in the action to a referee to hear and determine.

*Leonard F. Fish* and *Wertheimer & Duffy*, for the appellant.

*George M. Albot*, for the respondent.

CHESTER, J.:

We construe the complaint herein to be one upon a contract and not for a tort. In it it is alleged that the defendant received of the plaintiff "as his agent" divers sums of money amounting to the sum of $9,232.96 for the "use of the plaintiff." It is also alleged that plaintiff demanded payment thereof from the defendant and that he has not paid any part thereof, and "that there is now due, owing and unpaid" from the defendant to the plaintiff by reason thereof said sum of $9,232.96, and judgment is demanded against the defendant for that sum, with interest besides costs.

There is no allegation that the moneys were received by the defendant in a fiduciary capacity, except as that may be inferred from the allegation that they were received of the plaintiff "as his agent." Nor is there any allegation that the plaintiff has been damaged by reason of the facts stated, or that the moneys have been converted by the defendant to his own use, or misapplied, or that they are wrongfully or unlawfully withheld from the plaintiff. The allegation that "there is now due, owing and unpaid" to the plaintiff the amount alleged to have been received by the defendant is a recognition on the part of the plaintiff that the amount sued for arises out of a contract obligation between the parties, or because of an existing indebtedness which remains due. The complaint is clearly one for moneys had and received. The prayer for relief is for a specific amount of money and not for damages. A complaint so drawn amounts to a waiver by the plaintiff of his right to sue the agent for any tort that there may have been incident to the latter's receiving the moneys in such a capacity. (*Kaminski* v. *Schefer*, 46 App. Div. 170, 173.)

It appearing from this complaint that the pleader intended to state a cause of action upon contract, the court should not be zealous to construe it as one for tort. Indeed, the plaintiff's counsel con-

ceded upon the argument and in his brief in support of the order appealed from that the complaint was upon a contract for money had and received and disclaimed that there was any intention to frame a complaint for tort.

As the trial of the action will involve the examination of a long account on the side of the plaintiff, consisting of several hundred items, and the complaint being upon contract, the action was properly referred.

We think, however, that the order should be modified by permitting the referee to sit in New York county as well as in Montgomery county in accordance with the consent of respondent's counsel to that effect on the argument.

The order should be modified as aforesaid and as so modified affirmed, with ten dollars costs and disbursements.

All concurred, except SMITH, J., dissenting in opinion.

SMITH, J. (dissenting) :

Subdivision 2 of section 549 of the Code of Civil Procedure provides that a defendant may be arrested in an action when it is brought " to recover for money received " when it is alleged in the complaint that the money was received by an " agent." It is further provided that " where such allegation is made the plaintiff cannot recover unless he proves the same on the trial of the action." My brethren concede that if, under the complaint in this action, the defendant may be arrested the action is such that a reference is unauthorized. The complaint alleges that between certain dates " the defendant received of the plaintiff, as his agent, divers sums of money amounting to the sum of Nine thousand two hundred thirty-two dollars and ninety-six cents ($9,232.96) for the use of the plaintiff ; " that such sum had been demanded of defendant on plaintiff's behalf and not paid and " that there is now due, owing and unpaid from defendant to the plaintiff by reason thereof said sum of Nine thousand two hundred thirty-two dollars and ninety-six cents " for which judgment is demanded. The learned justice writing the prevailing opinion says that the tort and the right to arrest defendant has been in some way waived by failing to use in the complaint the words " converted," " misapplied," " fiduciary capacity " or " damaged," and by alleging that these moneys are now due and

owing to plaintiff. But the magic words specified are not used in section 549 of the Code of Civil Procedure in reference to this cause of action, and the moneys thus received by defendant are due and owing to plaintiff after refusal to repay the same upon demand. If authority be needed to the effect that these words are not necessary to constitute this a tort action, it would seem to be found in *Moffatt* v. *Fulton* (132 N. Y. 507). It is not important how this complaint would have been construed before the act of 1886 (chap. 672) amending section 549 of the Code of Civil Procedure by providing that an action to recover money received by an agent is one in which the plaintiff is entitled to an order of arrest from " the nature of the action." Words could hardly have been more aptly chosen to allege a cause of action within that section. The pleader could by a few words have alleged his waiver of the tort, but I can find not a word in his complaint to indicate his intention so to do.

'Finally, in the prevailing opinion the order of the Special Term is justified by the statement in the brief of respondent's counsel that he construes the complaint as one in contract and not in tort. Suppose after judgment recovered he changes his mind and issues a body execution. If the proof follows the pleading such an execution would be clearly authorized both by pleading and proof. Neither in the complaint nor upon the record is any word of plaintiff or his counsel that the tort is waived. It is possible that upon a motion such an execution could be set aside because upon this appeal plaintiff's counsel seeks to sustain this order by such a construction. Even so, if this action be not referable in its nature, it would be a marked innovation in practice to hold this action referable on the ground that plaintiff has estopped himself from issuing a body execution hereafter by his application for a reference and his statement upon such application as to his construction of the complaint. Defendant may prefer a jury trial of this action as a tort action. To this he is entitled by the Constitution and by the Code of Civil Procedure unless plaintiff, in his complaint, waives the tort. (See Const. art. 1, § 2; Code Civ. Proc. § 968.) This right cannot be taken away by any statement which plaintiff's counsel may make upon the argument even though such statement may thereafter be made the basis of an estoppel against plaintiff's proceeding as in a

tort action. For these reasons I dissent from the conclusion of the court in this action.

Order modified in accordance with consent of respondent's counsel in open court, by permitting the referee to sit in New York county as well as in Montgomery county, and as so modified affirmed, with ten dollars costs and disbursements.