(107 App. Div. 539.)

### STARIN v. FONDA.

(Supreme Court, Appellate Division, Third Department.   September 26, 1905.)

1. ACTION—FORM—CONTRACT OR TORT.
    Where the complaint alleges that the defendant received of the plaintiff as his agent certain sums of money for the use of the plaintiff, that the plaintiff demanded payment thereof, but that no part has been paid, and that there is "now due and owing" a certain sum, and demands judgment for a specified amount, with interest, and there is no allegation that the moneys were received in a fiduciary capacity, nor that the plaintiff has been damaged by reason of the facts stated, nor that the moneys have been converted to the defendant's use or wrongfully withheld from plaintiff, the action is on contract, and not for tort.

2. ELECTION OF REMEDIES—ACTION FOR MONEY RECEIVED.
    Where a complaint for money received by the defendant of the plaintiff "as his agent" was in form on contract, and not for tort, this amounted to a waiver of the plaintiff's right to sue for any tort involved in the same transaction.

3. REFERENCE—GROUNDS OF REMEDY.
    Where a complaint states a cause of action on contract, and the trial of the action will involve the examination of a long account on the side of the plaintiff, consisting of several hundred items, the action may be properly referred.
    [Ed. Note.—For cases in point, see vol. 42, Cent. Dig. Reference, §§ 13–23.]
    Smith, J., dissenting.

Appeal from Special Term, Montgomery County.

Action by John H. Starin against Nathan C. Fonda.   From an order of reference, defendant appeals.   Modified.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUSTON, JJ.

Wertheimer & Duffy (Leonard F. Fish, of counsel), for appellant. George M. Albot, for respondent.

CHESTER, J.   We construe the complaint herein to be one upon a contract, and not for a tort.   In it it is alleged that the defendant received of the plaintiff "as his agent" divers sums of money, amounting to the sum of $9,232.96, for the "use of the plaintiff."   It is also alleged that plaintiff demanded payment thereof from the defendant, and that he has not paid any part thereof, and "that there is now due and owing" from the defendant to the plaintiff by reason thereof said sum of $9,232.96, and judgment is demanded against the defendant for that sum, with interest, besides costs.   There is no allegation that the moneys were received by the defendant in a fiduciary capacity, except as that may be inferred from the allegation that they were received of the plaintiff "as his agent."   Nor is there any allegation that the plaintiff has been damaged by reason of the facts stated, or that the moneys have been converted by the defendant to his own use, or misapplied, or that they are wrongfully or unlawfully withheld from the plaintiff.   The allegation that "there is now due and owing" to the plaintiff the amount alleged to have been received by the defendant is a recognition on the part of the plaintiff that the amount sued for arises out of a contract ob-

ligation between the parties, or because of an existing indebtedness which remains due. The complaint is clearly one for moneys had and received. The prayer for relief is for a specific amount of money, and not for damages. A complaint so drawn amounts to a waiver by the plaintiff of his right to sue the agent for any tort that there may have been incident to the latter's receiving the moneys in such a capacity. Kaminski v. Schefer, 46 App. Div. 170, 173, 61 N. Y. Supp. 771.

It appearing from this complaint that the pleader intended to state a cause of action upon contract, the court should not be zealous to construe it as one for tort. Indeed, the plaintiff's counsel conceded, upon the argument and in his brief in support of the order appealed from, that the complaint was upon a contract for money had and received, and disclaimed that there was any intention to frame a complaint for tort. As the trial of the action will involve the examination of a long account on the side of the plaintiff, consisting of several hundred items, and the complaint being upon contract, the action was properly referred. We think, however, that the order should be modified by permitting the referee to sit in New York county, as well as in Montgomery county, in accordance with the consent of respondent's counsel to that effect on the argument.

The order should be modified as aforesaid, and, as so modified, affirmed, with $10 costs and disbursements. All concur, except SMITH, J., dissenting in opinion.

SMITH, J. (dissenting). Subdivision 2 of section 549 of the Code of Civil Procedure provides that a defendant may be arrested in an action when it is brought "to recover for moneys received," when it is alleged in the complaint that the money was received by "an agent." It is further provided that:

"When such an allegation is made, the plaintiff cannot recover unless he proves the same upon the trial of the action."

My Brethren concede that, if under the complaint in this action the defendant may be arrested, the action is such that a reference is unauthorized. The complaint alleges that between certain dates "the defendant received of the plaintiff as his agent divers sums of money, amounting to the sum of $9,232.96, for the use of the plaintiff"; that such sum had been demanded of defendant on plaintiff's behalf, and not paid; and "that there is now due, owing, and unpaid from defendant to the plaintiff by reason thereof the sum of $9,232.96," for which judgment is demanded. The learned justice writing the prevailing opinion says that the tort and the right to arrest defendant has been in some way waived by failing to use in the complaint the words "converted," "misapplied," "fiduciary capacity," or "damages," and by alleging that these moneys are now due and owing to plaintiff. But the magic words specified are not used in section 549 of the Code, and the moneys thus received by defendant are due and owing to plaintiff after refusal to repay the same upon demand. If authority be needed to the effect that these words are not necessary to constitute this a tort action, it would seem to be found in Moffat v. Fulton, 132 N. Y. 507, 30 N. E. 992.

It is not important how this complaint would have been construed before the act of 1886, amending the Code of Civil Procedure by providing that an action to recover moneys received by an agent is one in which the plaintiff is entitled to an order of arrest "from the nature of the action." Words could hardly have been more aptly chosen to allege a cause of action within that section. The pleader could by a few words have alleged his waiver of the tort, but I can find not a word in his complaint to indicate his intention so to do.

Finally in the prevailing opinion the order of the Special Term is justified by the statement in the brief of respondent's counsel that he construes the complaint as one in contract, and not in tort. Suppose, after judgment recovered, he changes his mind and issues a body execution. If the proof follows the pleading, such an execution would be clearly authorized both by pleading and proof. Neither in the complaint nor upon the record is any word of plaintiff or his counsel that the tort is waived. It is possible that upon a motion such an execution could be set aside because upon this appeal plaintiff's counsel seeks to sustain this order by such a construction. Even so, if this action be not referable in its nature, it would be a marked innovation in practice to hold this action referable on the ground that plaintiff has estopped himself from issuing a body execution hereafter by his application for a reference and his statement upon such application as to his construction of the complaint. Defendant may prefer a jury trial of this action as a tort action. To this he is entitled by the Constitution and by the Code, unless plaintiff in his complaint waives the tort. This right cannot be taken away by any statement which plaintiff's counsel may make upon the argument, even though such statement may thereafter be made the basis of an estoppel against plaintiff's proceeding as in a tort action. For these reasons I dissent from the conclusion of the court in this action.