STARIN, Respondent, v. FONDA, Appellant. (Supreme Court, Appellate Division, Third Department. September 26, 1905.) Action by John H. Starin against Nathan C. Fonda. No opinion. Order affirmed, with $10 costs and disbursements. See 95 N. Y. Supp. 379.

STARKWEATHER, Respondent, v. SUNDSTROM et al., Appellants. (Supreme Court, Appellate Division, Third Department. October 24, 1905.) Action by Horace P. Starkweather against Charles Sundstrom and Frank M. Stratton.

PER CURIAM. Judgment and order affirmed, with costs.

PARKER, P. J., not voting. SMITH, J., dissents.

STATE BANK, Respondent, v. KAHN et al., Appellants. (Supreme Court, Appellate Term. December, 1905.) Appeal from City Court of New York. Action by the State Bank against Samuel Kahn and others. From an order granting a motion to restore the case to the short-cause calendar, defendants appeal. Affirmed. Wasserman & Jacobus, for appellants. Nathaniel Levy, for respondent.

PER CURIAM. The defendant appeals "from an order entered in the office of the clerk of the City Court of the city of New York, on the 6th day of July, 1905, and from each and every part of said order." No such order appears in the record. Assuming, however, that the order of June, 1905, placing "the above-entitled action" on the short-cause calendar of that court is the order appealed from, that order may stand, for sufficient appears in the moving papers to warrant an inference of virtual severance, though the record is silent as to the entry of an order therefor pursuant to the provisions of section 456 of the Code of Civil Procedure, and as to any objection thereto. Order affirmed, with $10 costs and disbursements.

STENGER, Respondent, v. BUFFALO UNION FURNACE CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. July 31, 1905.) Action by Michael Stenger against the Buffalo Union Furnace Company.

PER CURIAM. Judgment and order reversed, and new trial ordered, with costs to the appellant to abide the event, upon questions of law only, the facts having been examined and no error found therein, on authority of Stenger v. Same Defendant, reported in 98 App. Div. 361, 90 N. Y. Supp. 222.

SPRING, J., dissents. HISCOCK, J., does not vote.

STEPHAN, Respondent, v. BUTCHER et al., Appellants. (Supreme Court, Appellate Division, First Department. July 7, 1905.) Action by Margaret Stephan against William W. Butcher and Samuel Buchenholz. E. L. Kalish, for appellants. J. G. Williamson, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

STOKES, Respondent, v. BRADLEY, Appellant. (Supreme Court, Appellate Division, First Department. July 7, 1905.) Action by William E. D. Stokes against William Bradley. N. Ottinger, for appellant. M. K. Flagg, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

STOUT, Respondent, v. SORENSON, Appellant. (Supreme Court, Appellate Division, Second Department. November 17, 1905.) Action by Harry Stout against John Sorenson. No opinion. Judgment of the Municipal Court affirmed, with costs.

STUHLMACHER, Respondent, v. NEW YORK & Q. C. RY. CO., Appellant. (Supreme Court, Appellate Division, Second Department. November 17, 1905.) Action by Herman Stuhlmacher against the New York & Queens County Railway Company. No opinion. Judgment of the Municipal Court unanimously affirmed, with costs.

In re SULLESTAD'S WILL. (Supreme Court, Appellate Division, Fourth Department. November 15, 1905.) In the matter of the last will and testament of Caroline Sullestad, deceased.

PER CURIAM. Decree of Surrogate's Court reversed on the facts, with costs to appellant to abide event of the new trial herein; and the following questions of fact are ordered to be tried by a jury at a trial term of the Supreme Court to be held in and for the county of Monroe, in the month of January, 1906, viz.: First. Was the deceased, at the time said instrument purports to have been executed, to wit, the 2d day of June, 1903, possessed of sufficient testamentary capacity to make a valid last will and testament? Second. Was the execution of said instrument by said deceased procured by fraud or undue influence practiced upon said Caroline Sullestad?

McLENNAN, P. J., and NASH, J., vote for reversal upon the ground that the decision of the surrogate was against the weight of the evidence. HISCOCK, J., votes for reversal, on the authority of Matter of Burtis (Sup.) 94 N. Y. Supp. 961. SPRING and WILLIAMS, JJ., vote for affirmance.

In re SULLIVAN. (Supreme Court, Appellate Division, Second Department. August 31, 1905.) In the matter of the petition of John Sullivan for appointment of a guardian ad litem for Patrick Breslin, an infant. No opinion. Order affirmed, with $10 costs and disbursements.

SWITZER, Respondent, v. HAMLIN, Appellant. (Supreme Court, Appellate Division, Fourth Department. November 22, 1905.) Action by Emily S. Switzer against Charles F. Hamlin.

PER CURIAM. Judgment and order reversed, and new trial ordered, with costs to the appellant to abide event, upon questions of law and fact. Held, that the verdict awarding damages is not supported by the evidence, and