(111 App. Div. 613.)

### LANGE et al. v. SCHILE.

(Supreme Court, Appellate Division, First Department. March 9, 1906.)

1. ACTION—NATURE AND FORM—CONTRACT—REPORT.

The complaint alleged that plaintiff's testator had placed a sum of money in defendant's hands for the purpose of paying claims which might be established during testator's absence, or of restoring to him the money on his return if the same had not been paid out, and that on the return of plaintiff's testator he requested defendant to pay claims owing by him. It then alleged that plaintiff made a demand for the return of the amount remaining in defendant's hands, and that the said defendant wrongfully and unlawfully refused to turn over and pay to the plaintiff the said amount, and converted the same to his own use. *Held*, that the action was not in tort, but for money received.

2. SAME.

If the cause of action set forth is doubtful or ambiguous, every intendment is in favor of construing it as being an action ex contractu.

[Ed. Note.—For cases in point, see vol. 1, Cent. Dig. Action, § 163.]

Appeal from Special Term, New York County.

Action by Frederick Lange and others against Romeo H. Schile.

98 N.Y.S.—6

From an order affirming the taxation of costs by the clerk, and dismissing an appeal to the special term therefrom, defendant appeals. Reversed.

. Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

E. W. S. Johnston, for appellant.
G. M. S. Schultz, for respondents.

PATTERSON, J. The court at Special Term denied a motion made by the defendant for a retaxation of costs, and affirmed the taxation of such costs by the clerk of the city and county of New York, who allowed the plaintiff the amount of $25 as costs before notice of trial. The defendant insists that such costs should have been taxed at $15. Whether the one or the other amount should be allowed depends upon the nature of the action, namely, whether it is upon contract or in tort. Section 3251, Code Civ. Proc. In support of the order, it is insisted by the respondent that the averments of the complaint set forth a cause of action for the conversion of money belonging to the plaintiff's testator. The allegations of that pleading are that Henry J. Schile, plaintiff's testator, in June, 1900, gave into the possession of the defendant moneys amounting to the sum of $4,317.74—

"The defendant agreeing to deposit the same in a trust company, and to apply the same to the payment of certain claims and liens which had been filed against real property owned by the said Henry J. Schile in the city of New York, and which were then being litigated, in the event of said litigation terminating prior to the return of the said Henry J. Schile to the city of New York; and if the litigation had not then terminated, or if it had terminated and the defendant had not paid over the said moneys, then to return the said amount, with such interest as had accrued thereon, to the said Henry J. Schile upon his return, as aforesaid."

The plaintiff then proceeds to state in the complaint that on the 1st of September, 1900, Schile returned to the city of New York; that the defendant at that time had possession of the money, and that Schile then requested the defendant to pay claims owing by him (Henry J. Schile); that such payments were made so as to reduce the sum in the defendant's hands to $3,012.62. After setting forth the death of Henry J. Schile and the appointment of the plaintiffs as executors, the complaint contains the allegation that the plaintiffs made a demand for the return of the amount remaining in the defendant's hands, but that the said defendant wrongfully and unlawfully refused to turn over and pay to the plaintiffs the said amount, and converted the same to his own use, to the damage of the plaintiffs, as executors, as aforesaid, in the sum of $3,012.62; wherefore the plaintiffs demanded judgment for that sum of money, with interest.

. The contention of the respondent is that this complaint charges that the defendant, acting in a fiduciary capacity, charged with a specific duty concerning the moneys in his hands, violated his trust, and converted those moneys to his own use. It is quite apparent from the allegations of the complaint that if a particular duty devolved upon the defendant, in the first instance, of paying claims which might be estab-

lished during plaintiffs' testator's absence, or of restoring to him the money on his return from Europe, that relation to the matter was changed when Henry J. Schile did return; for under his direction, and at his request, some of the money was withdrawn and paid to his creditors, and the balance remained in the defendant's hands. That situation would indicate that the defendant merely neglected to pay over a balance of moneys remaining in his hands belonging to the plaintiffs' testator, and the addition in the complaint of the words that the defendant "converted the same to his own use" does not characterize the cause of action, but is to be regarded as surplusage. Segelken v. Meyer, 94 N. Y. 484, and cases there cited. The cause of action is for money received. It is not to be assumed that by the insertion of the words quoted in the complaint the pleader has declared in tort. At all events, if the cause of action set forth is doubtful or ambiguous, every intendment is in favor of construing it as being an action ex contractu. Goodwin v. Griffis, 88 N. Y. 629. See, also, Foot v. Ffoulke, 55 App. Div. 617, 67 N. Y. Supp. 368; Cohn v. Beckhardt, 63 Hun, 333, 18 N. Y. Supp. 84; Reed v. Hayward, 82 App. Div. 417, 81 N. Y. Supp. 608; Town of Green Island v. Williams, 79 App. Div. 263, 79 N. Y. Supp. 791.

On the trial of this cause the statement that the defendant converted the money to his own use could have been disregarded, and a recovery had on the other allegations of the complaint, as in, an action for money had and received. Town of Green Island v. Williams, 79 App. Div. 263, 79 N. Y. Supp. 791. On such a complaint an execution against the person could not issue. In an action of tort the plaintiff cannot recover unless the tort be actually proven, but under this complaint a recovery could be had upon the other allegations contained therein. In Britton v. Ferrin, 171 N. Y. 235, 63 N. E. 954, the complaint was exclusively in tort, and in Moffatt v. Fulton, 132 N. Y. 507, 30 N. E. 992, the allegations of the complaint were also held to constitute an action in tort. We are therefrom of the opinion that the order appealed from should be reversed, and the costs before notice of trial should be taxed at $15.

Order reversed, with $10 costs and disbursements, and the item of costs in question allowed at $15. All concur.