## LANGE et al. v. SCHILE.

(Supreme Court, Appellate Division, First Department.   January 11, 1907.)

ACTIONS—FORM—CONTRACT OR TORT.

Where decedent delivered money, to defendant for the contingent payment of claims with the understanding that upon decedent's return from a trip abroad the money, if unexpended, should be returned, but upon it remaining unexpended, permitted him to retain a portion of the funds for more than a year after his return and up to the time of decedent's death, an allegation that decedent's executors demanded the return of the money, but that defendant wrongfully and unlawfully refused to repay, and converted it to his own use was not sufficient to stamp an action for the recovery of the funds as one in conversion defeating defendant's counterclaim founded on contract.

Appeal from Trial Term, New York County.

Action by Frederick Lange and others against Romeo H. Schile. From a judgment for plaintiffs, defendant appeals. Reversed, and new trial granted.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Edward W. S. Johnston, for appellant.
George W. S. Schulz, for respondents.

LAUGHLIN, J. The defendant pleaded two counterclaims on contract—one upon a note, and another upon a bond, which were proved. These counterclaims exceeded the amount of the plaintiff's claim. The court subsequently dismissed the counterclaims, and struck out the evidence given to sustain them, upon the ground that this was an action in conversion. The single question presented by the appeal is whether it is an action on contract or in conversion. If the former, the judgment should be reversed, and if the latter, it must be affirmed.

On a former appeal herein to this court (111 App. Div. 613, 98 N. Y. Supp. 81), from an order dismissing defendant's appeal from the taxation of costs upon the entry of this judgment, we in effect, held that the action was on contract, and upon that theory the taxation of the costs by the clerk was modified by changing the allowance for all proceedings before notice of trial from $25, which the clerk had allowed, upon the theory that it was an action in tort, and which

is the allowance in such a case, to $15, that being the amount prescribed in actions on contract. The action is to recover $3,012.62. The contention that this money was held in trust by the defendant for the plaintiffs, and that the former converted it, was made and met upon the former appeal. It appears that the plaintiffs' decedent, on his departure for Europe in June, 1900, delivered the sum of $4,-317.74 to the defendant, who agreed to deposit the same in a trust company, and to pay therewith certain claims and liens which had been filed against real property owned by the decedent, then in litigation, in the event that the litigation should be terminated prior to the return of the decedent, the defendant agreeing that upon the return of the decedent, if the litigation had not terminated or if it had terminated and he had not expended the moneys as authorized, that he would return the amount and such interest as had accrued thereon to the decedent. The plaintiff alleged that on the return of the decedent, about the 1st day of September, 1900, the defendant still had possession of all the money and subsequently, at the request of the decedent, paid certain claims owing by the decedent, which reduced the balance in his hands to the sum of $3,012.62. The plaintiffs' testator did not die until the 12th day of October, 1901, at which time it is alleged the defendant still had said balance of $3,012.62 in his possession or under his control. The plaintiffs then allege that, after their appointment as executors, they demanded the return of the money by the defendant, "but that the said defendant wrongfully and unlawfully refused to turn over and pay to the plaintiffs the said amount in his hands and converted the same to his own use." This is the only allegation relating to conversion. It is not alleged that the decedent ever demanded the return of the money, and the inference from the facts alleged is that after returning from Europe, instead of asking that the money be returned to him as originally agreed, he concluded to let the defendant have the use of it, and the latter from time to time paid and discharged obligations of the decedent. This new situation between the parties continued for more than a year. In these circumstances, it is doubtful whether an action for conversion could have been maintained; but, in any event, it requires something more than the bare allegation that the defendant refused to pay the money over to the executors and converted it, to stamp the action as one in conversion rather than an action for money had and received.

It follows that the judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.