(161 App. Div. 764)

SPIEGEL v. LEVINE.

(Supreme Court, Appellate Division, First Department. April 17, 1914.)

1. ARREST (§ 14*)—IN CIVIL ACTIONS—COMPLAINT—SUFFICIENCY.
    A complaint, which alleged that plaintiff made and delivered to defendant four notes, payable to defendant, under an agreement that defendant was to procure the discount of the notes and pay the proceeds to plaintiff, and that defendant received the sum of $4,915, "which said sum the said defendant has embezzled and has wrongfully converted to his own use," was sufficient upon which to base an order of arrest, under Code Civ. Proc. § 549, enumerating the different kinds of actions in which a defendant may be arrested.
    [Ed. Note.—For other cases, see Arrest, Cent. Dig. §§ 36–39; Dec. Dig. § 14.*]

2. EMBEZZLEMENT (§ 4*)—NATURE OF OFFENSE—"EMBEZZLEMENT."
    "Embezzlement" is the fraudulent appropriation of another's property by a person to whom it has been intrusted, or into whose hands it has

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

lawfully come, differing from larceny in the fact that the original taking was lawful, or with the consent of the owner.

· [Ed. Note.—For other cases, see Embezzlement, Cent. Dig. § 1; Dec. Dig. § 4.*

For other definitions, see Words and Phrases, vol. 3, pp. 2350–2358; vol. 8, p. 7649.]

3. EMBEZZLEMENT (§ 4*)—ELEMENTS OF OFFENSE.

Two general elements must concur to constitute embezzlement: (1) A breach of duty or trust in respect to money, property, or effects in the party's possession belonging to another; (2) the wrongful or fraudulent appropriation thereof.

[Ed. Note.—For other cases, see Embezzlement, Cent. Dig. § 1; Dec. Dig. § 4.*]

Appeal from Special Term, New York County.

Action by Max Spiegel against Benjamin A. Levine. From an order vacating an order of arrest, plaintiff appeals. Reversed, and order of arrest reinstated.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

George Edwin Joseph, of New York City, for appellant.

Samuel D. Matthews, of New York City, for respondent.

CLARKE, J. The complaint alleges that at the city of New York, on the 3d day of November, 1913, the plaintiff made his four promissory notes, all dated the 3d day of November, 1913, and all payable to the order of Benjamin A. Levine, the above-named defendant, two of which notes were for the sum of $1,000 each, payable three months after their date, and two of which notes were for the sum of $1,500, each payable four months after their date, and all of which were payable at the Greenwich Bank in the borough of Manhattan, city of New York; that each of the said notes were delivered to the said Benjamin A. Levine without consideration from him, but for the accommodation of this plaintiff, and under an agreement between the said plaintiff and defendant whereby the defendant was to procure the discount of the said notes for and on account of the said plaintiff, and to pay over the proceeds thereof to plaintiff; on information and belief that almost immediately thereafter, and without the knowledge of this plaintiff, the said defendant procured the said notes to be discounted, and received as the proceeds thereof the sum of $4,915, which said sum the said defendant has embezzled and has wrongfully converted to his own use, and has not paid over to the plaintiff any part thereof, to plaintiff's damage in the sum of $4,915. Upon said complaint and accompanying affidavits an order of arrest was issued, which set forth:

"That a sufficient cause of action exists in favor of the above-named plaintiff against the above-named defendant, Benjamin A. Levine, and that the case is one of those mentioned in section 549 of the Code of Civil Procedure, and that the ground of arrest is the conversion or misapplication of money received by the defendant as the agent and for and on account of the plaintiff in a fiduciary capacity, in that the plaintiff delivered to the defendant his promissory notes to the amount of $5,000, which defendant promised and agreed to procure to be discounted for the benefit of plaintiff, and to return

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and deliver the proceeds thereof immediately to plaintiff, and that defendant procured the discount of the said notes, concealed the same from plaintiff, and has wrongfully and fraudulently embezzled and appropriated the proceeds thereof, amounting to the sum of $4,915, to his own use."

[1] The defendant moved to set aside the order of arrest upon the papers upon which same was granted, and the motion was granted upon the ground that the complaint does not state facts showing the commission of a wrongful act by the defendant.

In Moffatt v. Fulton, 132 N. Y. 507, 30 N. E. 992, Judge Vann said:

"If, therefore, the complaint under consideration sets forth facts showing that the defendants, as agents, received the proceeds of the two notes in a fiduciary capacity, and converted them to their own use, it is sufficient, without characterizing those facts, or repeating the language of the statute. * * * The notes belonged to the plaintiff, and when they were discounted the proceeds belonged to him. The defendants had no right to either, except as the agents of the plaintiff. Agency is a fiduciary relation. It exists by virtue of the fiducia, or faith reposed; as, where one man, confiding in another, intrusts his property to him for a particular purpose, and in the belief that he will in good faith use it for no other purpose. Property thus received is received in a fiduciary capacity, and, when the property is turned into money, that is also received in a fiduciary capacity. It does not belong to the agent, who can lawfully exercise no power or authority over it, except for the benefit of his principal, and only as authorized by him."

In MacDonnell v. Buffalo L. T. & S. D. Co., 193 N. Y. 92, 85 N. E. 801, Werner, J., said:

"The rule that one who comes lawfully into possession of property cannot be charged with conversion thereof until after a demand and refusal is too well established to justify extended discussion. * * * But it has no application in a case where the lawful custodian of property commits an overt and positive act of conversion by an unlawful sale or disposition of the same. Pease v. Smith, 61 N. Y. 480. So long as the defendant was in possession of the bonds, under circumstances which might have made that possession lawful or unlawful at its will, a demand and refusal were necessary to put it in the wrong, but when it assumed to transfer the bonds, * * * it committed an act which was in hostility to the right and title of the plaintiff. This was a distinct and unequivocal conversion. It was a wrongful taking, which at once created a cause of action in favor of the owner of the bonds. No demand was necessary. The sole object of a demand is to convert an otherwise lawful possession into an unlawful one. In such a case the refusal furnishes the only evidence of a conversion."

The Saratoga Gas & Electric Light Co. v. Hazard, 55 Hun, 251, 7 N. Y. Supp. 844, affirmed 121 N. Y. 677, 24 N. E. 1095, was an appeal from an order denying a motion to vacate an order for arrest upon the papers on which it was granted. The complaint alleged that at the time mentioned plaintiff was entitled to immediate possession of 57 bonds, the property of this plaintiff; that the defendant, then being in possession of the said 57 bonds, unlawfully converted and disposed of the same to its own use, and to this plaintiff's damage, $57,000. Van Brunt, P. J.:

"The ground upon which this motion is made is that the complaint fails to set forth a sufficient cause of action. And it must be conceded that if this is the case, then the motion must be granted. * * * The objection to this complaint is that it does not allege a demand or refusal. * * * But it is equally true that where it appears that the defendant has exercised a dominion over the property, such as he was not entitled to exercise, by reason of its possession, for example, has sold and disposed of the property, an action

for conversion will lie without a demand. Kelsey v. Griswold, 6 Barb. 440. This principle is also upheld in Colgate v. Pennsylvania Railway Co., 102 N. Y. 120 [6 N. E. 114], and cases there cited. The allegation, therefore, contained in the complaint that the defendant had disposed of the bonds and converted them to his own use seems to fulfill the requirement showing a conversion, and no demand thereafter was necessary.

"It is undoubtedly true that the mere allegation that the defendant had converted the property to his own use would not have been sufficient. But where it is coupled with the allegation that he has disposed of the property, which he had no right to do, and which disposal constituted the conversion, the allegation seems to be sufficient."

Barrett, J., in concurring said:

"The allegation, that the defendant disposed of and converted the bonds is equivalent to saying that he disposed of them (which is a fact), and thereby converted them."

In the case at bar the facts set forth sufficiently show the agency of the defendant, and therefore the fiduciary character under which he received the notes, discounted them, and obtained possession of the proceeds thereof. The complaint sets forth an overt and positive act. It alleges—

"which said sum the defendant has embezzled and has wrongfully converted to his own use, and has not paid over to the plaintiff any part thereof."

The allegation that "he has embezzled" the said sum is as definite as that he had "disposed" of the bonds, held sufficient in the Saratoga Gas & Electric Light Case, supra, and is equivalent to saying, to paraphrase Mr. Justice Barrett, that he has embezzled the money (which is a fact), and thereby converted it to his own use.

[2] Embezzlement is a fraudulent appropriation of another's property by a person to whom it has been intrusted, or into whose hands it has lawfully come. It differs from larceny in the fact that the original taking of the property was lawful, or with the consent of the owner, while in larceny the felonious intent must have existed at the time of the taking. Moore v. United States, 160 U. S. 268, 16 Sup. Ct. 294, 40 L. Ed. 422.

[3] It involves two general ingredients or elements: (1) A breach of duty or trust in respect to money, property, or effects in the party's possession belonging to another. (2) The wrongful or fraudulent appropriation thereof. There must be the actual and lawful possession, or custody of the property of another by virtue of some trust, duty, agency, or employment on the part of the accused; and, while so lawfully in the possession of such property, it must be unlawfully and fraudulently converted to the use of the person so in the possession and custody thereof. Reeves v. State, 95 Ala. 31, 11 South. 158.

The word has a settled technical meaning of its own, and signifies, to fraudulently appropriate to one's own use the property of another.

Embezzlement is an intentional and fraudulent appropriation of the goods of another by a person intrusted with the same. 1 Wharton, Criminal Law, 1009.

The Century Dictionary defines:

"Embezzle: To appropriate fraudulently to one's own use, as what is intrusted to one's care; apply to one's private use by a breach of trust, as a clerk or servant who misappropriates his employer's money or valuables.

"Embezzlement: The act of embezzling. ' Specifically the act by which a clerk, servant, or other person occupying a position of trust fraudulently appropriates to his own use the money or goods intrusted to his care; a criminal conversion; the appropriation to one's self by a breach of trust of the property or money of another; a sort of statutory larceny, committed by servants and other like persons when there is a trust reposed, and therefore no trespass, so that the act would be larceny at common law." Bishop.

We are of the opinion that the complaint is sufficient. The order appealed from should therefore be reversed, with $10 costs and disbursements, the motion denied, with $10 costs, and the order of arrest reinstated. All concur.