ALL-PACKAGE GROCERY STORES CO., INC., Appellant, *v.* HUGH MCATAMNEY, Respondent.

First Department, November 17, 1916.

Principal and agent — conversion — order of arrest.

Where an agent appropriates to his own use money delivered to him by his principal for the express and definite purpose of paying for property purchased for said principal, the agent is guilty of conversion and in an action therefor is liable to arrest.

APPEAL by the plaintiff, All-Package Grocery Stores Co., Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 3d day of August, 1916, granting defendant's motion to vacate an order of arrest.

*Otto A. Gillig,* for the appellant.

*W. E. Kisselburgh, Jr.,* for the respondent.

SCOTT, J.:

The action is for the conversion of the sum of $2,521.88, intrusted to defendant to be applied to a special purpose, and which as it is alleged he diverted and converted to his own use. The circumstances giving rise to the claim are stated in the defendant's own affidavit as follows: He had been engaged for some years in the business of a publicity or advertising agent, and at one time was employed in that capacity by plaintiff. In January, 1916, at a conference between himself and some of plaintiff's officers the subject of issuing a weekly publication to be known as the "All-Package Weekly" was discussed, and it was agreed that defendant should undertake the editing, publishing and the purchase of supplies and the payment of labor, printing and other bills in connection with the issuing of such weekly, allowing to plaintiff the benefit of the trade discounts or reduction upon the amount of said bills, provided plaintiff should pay the amounts necessary to meet such bills within the time requisite to secure such discounts, plaintiff on its part agreeing to send to defendant the amount of all bills contracted by him in connection with such publication within the time necessary to secure such trade discounts, and also in addition thereto, as compensation for his services fifteen per cent upon the total amount of such contracted bills less such trade discounts. It was further agreed that defendant's bills to plaintiff should be accompanied by the original bills which he had contracted and for the payment of which plaintiff was required to furnish the money.

It is quite evident that this arrangement did not contemplate that defendant should become an independent contractor for the publication of the weekly. On the contrary, it is clear that he was to become merely the agent of the plaintiff incurring bills on plaintiff's account and receiving the necessary moneys from plaintiff to meet them. There is no hint or suggestion that the agreement was, as between himself and plaintiff, that he was to pay the bills and rely upon plaintiff to reimburse him afterwards. And the practice of the parties

conformed to this construction of the contract. There are included in the papers on appeal three memoranda rendered by defendant to plaintiff, to each of which is attached an unpaid bill of the West Virginia Pulp and Paper Company for paper sold. It is for the amounts represented by these bills, which amounts were paid to defendant, and converted by him, that this action is brought. Upon this state of facts the action seems to be well brought, and the defendant is liable to arrest. In principle the case is not unlike *Moffatt* v. *Fulton* (132 N. Y. 507), wherein defendants were intrusted with two promissory notes, which they were to have discounted and to remit the proceeds to plaintiff. They caused the notes to be discounted, but appropriated the proceeds to their own use. It was held that the notes had been received by defendants in a fiduciary capacity, and that the money realized upon them had been received in a like capacity and that the appropriation to defendants' own use, and their refusal to pay over to plaintiff on demand constituted a conversion of such proceeds.

The authorities are abundant in which the misappropriation of funds intrusted to an agent for application to a particular purpose is held to constitute a conversion. Some of them are cited and commented upon in *Spiegel* v. *Levine* (161 App. Div. 764). Here it is clearly shown, and not denied by defendant, that plaintiff's money was paid to him for the express and definite purpose that it should be paid over to the paper company to meet its bills for paper bought for plaintiff's use. Instead of so applying it, defendant appropriated it to his own uses. By so doing he was guilty of conversion.

The order appealed from must be reversed, with ten dollars costs and disbursements, and the motion to vacate the order of arrest denied, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, DOWLING and PAGE, JJ. concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. Order to be settled on notice.