Montague Mailing Machinery Company, Appellant, v. All-Package Grocery Stores Co., Inc., Respondent, Impleaded with Hugh McAtamney, Defendant.

First Department, April 5, 1918.

Principal and agent — sale to agent of undisclosed principal — proof sufficient to justify finding of agency — right of third party to sue undisclosed principal on discovering his existence — election — right to interplead undisclosed principal in action against agent.

Action against an agent and its undisclosed principal to recover for materials and services furnished to the agent by the plaintiff at a time when it did not know that the agent was acting for a principal. The plaintiff discovered the existence of the principal through papers filed in an action brought by the principal against the agent. Evidence examined, and *held*, that the jury were justified in finding that the agent was employed by the principal as its purchasing agent and had authority to pledge its credit for the supplies and work furnished by the plaintiff and that the principal had the full benefit of said contract made by its agent.

Under the circumstances the principal is liable to the plaintiff, which dealt in good faith with the agent when acting for the undisclosed principal, where nothing had passed between the principal and its agent in the meantime to alter the state of their account.

*It seems*, that a payment made by an undisclosed principal to his agent on account of goods purchased by the agent will discharge the principal from liability.

Although the plaintiff originally brought suit against the agent it did not constitute an election to look to the agent only, and it had a right to implead the undisclosed principal on discovering its existence.

Appeal by the plaintiff, Montague Mailing Machinery Company, from a judgment of the Supreme Court in favor

of the respondent, entered in the office of the clerk of the county of New York on the 9th day of March, 1917, upon a dismissal of the complaint by direction of the court at the close of plaintiff's case as said judgment was amended by an order entered in said clerk's office on the 9th day of April, 1917.

An appeal is also taken from the order entered in said clerk's office on the 18th day of December, 1916, denying plaintiff's motion to set aside the direction dismissing the complaint and for a new trial.

*Gilbert H. Montague*, for the appellant.

*A. S. Gilbert* of counsel [*Otto A. Gillig*, attorney], for the respondent.

SHEARN, J.:

This is an appeal from a judgment in favor of the defendant entered upon a dismissal of the complaint. The action is one to recover for materials and work, consisting of filing cabinets, trays, embossed plates, addressing wrappers, and filing incidental to the addressing and mailing of a magazine called *All Package Weekly* which was devoted to the exploitation of defendant's business. The materials were furnished and the work was done under a contract between plaintiff and defendant's alleged agent, the McAtamney Company. It is undisputed that this material and work was furnished by plaintiff to the McAtamney Company wholly in connection with the *All Package Weekly* and that they were of the reasonable value sued for. Originally the McAtamney Company was a party defendant also, as this was the company from which the plaintiff received its orders and to which plaintiff originally sent its bills. Until April, 1916, plaintiff had no knowledge that the All-Package Company was the McAtamney Company's principal. Plaintiff first obtained this knowledge from filed court papers in an action wherein the All-Package Company had McAtamney arrested for converting sums paid by it to the McAtamney Company as agent for other work and materials ordered by McAtamney for the same general purpose as this work was ordered. On the trial the plaintiff discontinued as to the McAtamney Company. The evidence

on which plaintiff relies shows that the secretary of the defendant, in one affidavit filed, alleged that Hugh McAtamney, who represented the McAtamney Company " in connection with that company acting as agent of an advertising campaign which the All-Package Company intended to conduct," arranged for the publication, printing and distribution of this advertising matter. The affidavit set forth the arrangement between them, whereby the All-Package Company was to pay the bills rendered to McAtamney, plus a commission of fifteen per cent. In another affidavit defendant's secretary refers to McAtamney " as an advertising agent " and says " in such capacity he was employed by the plaintiff to edit and have printed and published a magazine or paper known as the ' All Package Weekly.' " In the third affidavit the secretary states the arrangement between them, whereby McAtamney would present to the defendant the bills for purchases and they would be paid by the defendant plus " his service charge of 15%." The second and third affidavits referred to were before this court in *All-Package Grocery Stores Co., Inc.,* v. *McAtamney* (174 App. Div. 778) which involved the question whether the McAtamney Company was the defendant's agent in receiving checks with which to liquidate obligations contracted in respect to this weekly, and necessarily involved deciding whether McAtamney was the defendant's agent. This court held, Mr. Justice SCOTT writing the opinion: " It is quite evident that this arrangement did not contemplate that defendant should become an independent contractor for the publication of the weekly. On the contrary, it is clear that he was to become merely the agent of the plaintiff incurring bills on plaintiff's account and receiving the necessary moneys from plaintiff to meet them." The order of arrest was sustained. The question is not whether upon all the evidence the McAtamney Company was an independent contractor, but whether there was sufficient evidence requiring the issue to be submitted to the jury. From the affidavits the jury would have been warranted in drawing the inference that the McAtamney Company was employed by the respondent as its purchasing agent, with authority to pledge its credit for necessary work and supplies; that the agent purchased pursuant to such authority; and that the respondent had the full

benefit of the contracts made by its agent. In such case the respondent would of course be liable to the plaintiff, who dealt in good faith with the agent for an undisclosed principal, with the qualification, however, that nothing had in the meantime passed between the principal and its agent to alter the state of their account, such, for example, as payment by the principal to the agent prior to any claim made against the principal by the vendor. (Story Agency, § 291; *Knapp* v. *Simon*, 96 N. Y. 284, 289; *Laing* v. *Butler*, 37 Hun, 144, 151; *Fradley* v. *Hyland*, 37 Fed. Rep. 49, 51; *Armstrong* v. *Stokes*, L. R. [1872] 7 Q. B. 598, 608.) Although the point is not raised by the respondent, it appears from the same evidence on which the appellant relies to establish agency that the respondent paid to its agent prior to any claim being made against the respondent $1,622.92 on account of the bills in suit aggregating $2,305.65. If the payments made equaled the entire amount of the claim, it would serve no purpose to order a new trial, for such payment would have discharged the principal. Under the circumstances, however, as it does not appear that the entire amount of the bills was paid to the agent, and as the only question passed upon by the trial court was whether there was any proof of agency, there should be a new trial.

Respondent's contention that the act of appellant in suing both the agent and the principal constituted an election to look to the agent is unfounded. (*Tew* v. *Wolfsohn*, 77 App. Div. 454; affd., 174 N. Y. 272.) The contract in *Tuthill* v. *Wilson* (90 N. Y. 423), to which attention is called, was under seal. The claim of variance between the pleading and proof is unsubstantial, especially in the state of the record, where the complaint was dismissed at the conclusion of plaintiff's case on the ground that no cause of action had been made out because there was no proof of agency.

The judgment and order should be reversed and a new trial ordered, with costs to appellant to abide the event.

CLARKE, P. J., LAUGHLIN, DOWLING and SMITH, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.