and cases set down for Thursday, June 26, 1919, at ten o'clock, A. M. Present — Jenks, P. J., Putnam, Blackmar, Kelly and Jaycox, JJ.

JOHN WANAMAKER, NEW YORK, INC., and Another, Respondents, v. OTIS ELEVATOR COMPANY, Appellant. (Actions Nos. 1 and 2.) JOHN WANAMAKER, NEW YORK, INC., Respondent, v. OTIS ELEVATOR COMPANY, Appellant. (Action No. 3.) — Motion for leave to appeal to the Court of Appeals granted, and order signed, in each case. Present — Jenks, P. J., Mills, Rich, Kelly and Jaycox, JJ.

JOHN WANAMAKER, NEW YORK, INC., and Another, Respondents, v. OTIS ELEVATOR COMPANY, Appellant. (Actions Nos. 1 & 2.) JOHN WANAMAKER, NEW YORK, INC., Respondent, v. OTIS ELEVATOR COMPANY, Appellant. (Action No. 3.) — Motion to resettle order of affirmance denied in each case. Present — Jenks, P. J., Mills, Rich, Kelly and Jaycox, JJ.

JOSEPH BRANDEL, Respondent, v. ELIZABETH GRIBBIN, Appellant, Impleaded with Others.— Appeal dismissed, on default, with ten dollars costs and disbursements. Jenks, P. J., Putnam, Blackmar, Kelly and Jaycox, JJ., concurred.

LOUIS BINDER, Respondent, v. MORRIS KESSLER, Appellant.— Order affirmed, with ten dollars costs and disbursements, on authority of *Moffatt v. Fulton* (132 N. Y. 507); *Spiegel* v. *Levine* (161 App. Div. 764) and *All-Package G. Stores Co., Inc.*, v. *McAtamney* (174 id. 778). The motion to vacate the order of arrest was properly made to the Special Term. The order recites that it was granted upon affidavits. The motion to vacate was made not only upon the affidavits but upon the complaint. It was, therefore, not made wholly upon the papers upon which the order was granted; and in such case it was properly made to the court. Jenks, P. J., Mills, Rich, Putnam and Blackmar, JJ., concurred.

ISADORE DANOWSKI, Respondent, v. JOACHIM ORLOWSKI, Appellant.— The Special Term finding that this road or lane " has been in existence and used as a road for a period of over seventy-five years," though formally excepted to, is amply sustained by the testimony. It was not only used by the abutters, but by others traveling from Sound avenue southerly to and across the Middle Country road. The series of conveyances introduced in evidence were received, not to show the grant creating such a way, but as proof of the long existence and recognition in grants of land on both sides of this road. It was brought home to defendant by words of description beginning at a stake and stones on this roadway. The evidence of bars and gates during times of pasturage did not deny such right of way, which continued notwithstanding temporary obstructions like stacks of grain, which when in this roadway caused teams to pass *extra viam* until the stacks were removed. The judgment is, therefore, unanimously affirmed, with costs. Present — Jenks, P. J., Putnam, Blackmar, Kelly and Jaycox, JJ.

SIMA ELISBERG, Respondent, v. JOSEPH FRIED, Defendant. THOMAS F. ROCHFORD, Appellant.— *There is ground for the contention that the security extended to the personal property. Therefore, it seems to us that* Rochford, as the owner thereof, had best be brought in as a party. Our