BERTHA HOROWITZ, Appellant, *v.* EMANUEL HARRIS, Respondent. CHAIM GROSS, Defendant.

Supreme Court, Appellate Term, First Department, April 8, 1927.

Arrest — body execution — complaint does not allege facts warranting imprisonment of plaintiff's husband under body execution under Civil Practice Act, § 826, subd. 8.

The complaint in the prior action alleging that defendant therein had sold tickets on behalf of the plaintiff for admittance to certain religious services and had received moneys therefor which he had declined to turn over to the plaintiff does not allege facts sufficient, under subdivision 8 of section 826 of the Civil Practice Act, to warrant the imprisonment of the plaintiff's husband under a body execution, and the judgment and order directing his arrest was unwarranted. LEVY, J., dissents, with opinion.

APPEAL by plaintiff from judgment and order of the City Court of the City of New York in favor of the defendant.

*Maxwell Cohen,* for the plaintiff.

*Emanuel Harris,* in person, for the respondent.

PER CURIAM. The complaint in the prior action did not allege facts warranting the imprisonment of the plaintiff's husband under body execution. (*Segelken* v. *Meyer*, 94 N. Y. 473; *Lange* v. *Schile*, 111 App. Div. 613; *All-Package G. Stores Co.* v. *McAtamney*, 174 id. 778.)

DELEHANTY and LYDON, JJ., concur; LEVY, J., dissents, with opinion.

LEVY, J. (dissenting). I dissent. The complaint in the prior action alleged that defendant therein had sold tickets on behalf of the

plaintiff for admittance to certain religious services, and had received moneys therefor which he had declined to turn over to the plaintiff. Section 826, subdivision 8, of the Civil Practice Act provides that an order of arrest may be granted where the action is brought " to recover for money received, * * * where it is alleged in the complaint that the money was received * * * by a factor, agent, broker, or other person in a fiduciary capacity." It is sufficient to allege facts " showing that the money was received in a fiduciary capacity, without copying the words of the statute, which would be pleading a mere conclusion of law." (*Moffatt* v. *Fulton*, 132 N. Y. 507, 514.) It seems to me that the complaint did state a cause of action which entitled plaintiff to an order of arrest under section 826, subdivision 8, of the Civil Practice Act. (Cf. *Vandeweghe* v. *Schwartz*, 187 App. Div. 219.) In that case Judge SMITH writing the opinion of the court said (at p. 223): " These moneys thus collected were held by the defendants as the fiduciaries of the plaintiffs, and *for failure to pay them over* or for their misapplication the defendants were liable as for moneys misappropriated." (Italics mine.)

The cases cited in the majority opinion are all distinguishable. At the time *Segelken* v. *Meyer* (94 N. Y. 473) was decided, subdivision 8 of section 826 of the Civil Practice Act was not part of the then section 549 of the Code of Civil Procedure (the predecessor of section 826 of the Civil Practice Act), dealing with cases where the order of arrest depended upon the nature of the action, but was part of the then section 550 of the Code (the predecessor of section 827 of the Civil Practice Act), which dealt with cases where the right to arrest depended upon *extrinsic* facts. Body execution after judgment could be granted then as now only where the right to arrest depended upon the nature of the action or where an order of arrest had already been granted and executed before judgment. As no order of arrest had been granted prior to judgment in *Segelken* v. *Meyer*, the imprisonment under body execution could only be sustained if the order of arrest was justified by reason of the nature of the action. The court held the action was not of that character, but a reading of the opinion leads me to believe that the decision would have been different had the present subdivision 8 of section 826 of the Civil Practice Act been part of the section authorizing arrest because of the nature of the action, as it is to-day. *Lange* v. *Schile* (111 App. Div. 613) merely held that a cause of action, such as the one stated in the complaint under discussion here, was not a cause in conversion, and that, therefore, in *taxing costs* the action should be treated as one *ex contractu* and not *ex delicto.*

*All-Package G. Stores Co.* v. *McAtamney* (174 App. Div. 778) held

that a misappropriation of funds by an agent constitutes a conversion. How this indicates that the cause of action we are considering did not come within the purview of subdivision 8 of section 826 of the Civil Practice Act I fail to comprehend.

I am of opinion that the imprisonment of plaintiff's husband under body execution was well warranted by the allegations of the complaint in the prior action, and I, therefore, vote to affirm.

The judgment and order should be affirmed, with costs.

Judgment and order reversed, with costs, and motion denied, with leave to respondent to serve an answer within six days on payment of said costs.